■ In the Matter of the Guardianship and Custody of ANGELA MARIE N. and Others, Infants. VALERIE YVONNE N., Appellant; LOUISE WISE SERVICES, Respondent. [636 NYS2d 758] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered May 27, 1994, terminating respondent's parental rights to the subject children upon a finding of mental illness and awarding respondent limited visitation rights, unanimously affirmed, without costs.

Unrefuted evidence, including respondent's extensive medical history revealing a chronic, degenerating mental condition, frequent hospitalization, and a failure to adhere to any treatment plan, and the conclusion of the court-appointed psychiatrist that there was no possibility of improvement in the foreseeable future, constitutes clear and convincing evidence that respondent is presently and for the foreseeable future unable

to provide proper and adequate care for her children and warrants termination of her parental rights pursuant to Social Services Law § 384-b (4) (c) (*see, Matter of Belinda S.*, 189 AD2d 679, *lv denied* 81 NY2d 706; *Matter of Vera T.*, 80 AD2d 511, *affd* 55 NY2d 1028). The court's disposition committing guardianship and custody of the children to petitioner was soundly based on their best interests (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). Nor does the record show ineffective assistance of counsel. Counsel's decision not to offer evidence or delve deeper into respondent's participation in a treatment program and the number and quality of her visits with the children cannot be judged with the advantage of hindsight (*People v Baldi*, 54 NY2d 137, 146-147). Indeed, the doctor and the social worker were questioned on these subjects, and further questioning might well have redounded to respondent's disadvantage. Counsel exhibited " 'reasonable competence' " (*Matter of De Vivo v Burrell*, 101 AD2d 607, 608). Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.