(January 23, 1997)

■ In the Matter of JENNIFER Q. and Others, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD R., Appellant. (And Another Related Proceeding.) [652 NYS2d 829] —Crew III, J. Appeals from two orders of the Family Court of Tompkins County (Sherman, J.), entered May 27, 1994, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to, *inter alia*, adjudicate respondents' children to be neglected.

Respondent Jennie R. is the biological mother of the four children who are the subject of these proceedings: Jennifer Q. (born in 1978), Angelina Q. (born in 1984), Brittany R. (born in 1990) and Candice R. (born in 1992). Respondent Richard R. is the biological father of Brittany and Candice and stepfather to Jennifer and Angelina. In or about February 1992, a hotline report was made to the State Central Register for Child Abuse and Maltreatment regarding bruises on Jennifer's face, allegedly the result of her being struck by her stepfather. A second report was made to the hotline in October 1992, alleging respondents' inadequate guardianship and emotional neglect of Jennifer and Angelina. Although respondents initially agreed to place Jennifer in petitioner's care, respondents subsequently withdrew such consent and, in January 1993, petitioner commenced the instant neglect proceedings against respondents alleging neglect as to all four children.

At the conclusion of the fact-finding hearing that followed, at which respondents appeared and testified, Family Court (Friedlander, J.) found all four children to be neglected. A dispositional hearing was conducted in March 1994, with Family Court (Sherman, J.) ultimately directing, *inter alia*, that custody of Jennifer remain with petitioner and that respon-

dents be placed under petitioner's supervision for one year.[1] These appeals by respondents followed.

Respondents contend that petitioner failed to establish, by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i], [ii]), that their minor children's "physical, mental or emotional condition ha[d] been impaired or [was] in imminent danger of becoming impaired as a result of [their] failure * * * to exercise a minimum degree of care" (Family Ct Act § 1012 [f] [i]; see, Matter of Christina LL., 233 AD2d 705, 708). We cannot agree. As a starting point, the stepfather admitted that he struck Jennifer and pinched Angelina's cheek, although he contended that he struck Jennifer inadvertently and that neither incident left bruises on the children.[2] Other evidence in the record established that respondents routinely subjected Jennifer and Angelina to unusual, military-style punishments for relatively minor disciplinary infractions and that Jennifer and Angelina were deprived of food and sleep if they did not complete their assigned household chores. The record further demonstrated that the stepfather frequently threatened Jennifer with physical abuse and that Jennifer's mother rarely intervened or contradicted the stepfather with respect to the punishment meted out.

In short, the record as a whole plainly demonstrates that respondents neglected Jennifer and Angelina. Additionally, inasmuch as "proof of the * * * neglect of one child [is] admissible evidence on the issue of the * * * neglect of any other child" (Family Ct Act § 1046 [a] [i]), and taking into consideration respondents' demonstrated poor judgment regarding, inter alia, appropriate methods of discipline, we cannot say that Family Court erred in making a derivative finding of neglect with respect to Brittany and Candice (see generally, Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 80). To the extent that respondents denied the salient allegations, this merely presented a credibility issue for Family Court to resolve, and we can discern no basis upon which to set aside Family Court's determination in this regard. Respondents' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

1. The dispositional orders entered against respondents expired by their own terms on March 24, 1995.

2. The photograph of Jennifer's face, which was entered into evidence at the hearing, graphically illustrates that, contrary to the stepfather's assertion, the child sustained a significant bruise as the result of being struck by him.