■ In the Matter of SHAWNMANNE CC., a Child Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN DD., Respondent, and PHILIP CC., Appellant. [664 NYS2d 175] —Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered May

21, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

The facts and history of this case are simple and straightforward. In March 1995, respondent Philip CC. (hereinafter respondent) consented to a finding of abuse in a proceeding relating to three of respondents' children, including an infant son, Dontai, who died in September 1994. On September 27, 1995, respondent was convicted of criminally negligent homicide in connection with Dontai's death and was subsequently incarcerated. On July 10, 1995, the child who is the subject of this proceeding, Shawnmanne, was born to respondents. On July 13, 1995, petitioner removed the child from the custody of respondent Susan DD. and commenced the instant neglect proceeding against respondent. After trial, the court made a finding of neglect and following a dispositional hearing held on May 6, 1996, incorporated petitioner's dispositional plan into its order of May 21, 1996. Only respondent appeals.

Family Court's finding of neglect is amply justified on the facts and upon the law of derivative neglect as contained in Family Court Act § 1046 (a) (i) and the cases decided thereunder (see, Matter of Jennifer Q., 235 AD2d 827; Matter of Dutchess County Dept. of Social Servs. v Douglas E., Jr., 191 AD2d 694).

Respondent complains that his incarceration precludes him from complying with many of the terms and conditions of the disposition order. During the dispositional hearing, respondent's agreement with the plan was articulated. Family Court expressly noted the fact of respondent's incarceration and the attendant practical problems with compliance, suggesting that respondent avail himself of whatever programs are available within the institution and attend to the balance of the requirements upon his release. Respondent's comments during the hearing, far from expressing concern with the possible effects of his involuntary noncompliance, amounted to complaints about the inappropriateness of some of the conditions and his desire to avoid duplication of effort in attending programs. In addition, most of respondent's arguments and supporting law apply to termination of parental rights proceedings, not neglect proceedings under Family Court Act article 10, and thus are not germane.

Respondent's argument that he was denied the effective assistance of counsel in the proceedings before Family Court is without merit. The record demonstrates no deficiencies in strategy or performance (see, Matter of Kazmi v Kazmi, 201 AD2d

857, 859). Bare assertions of ineffective assistance based upon failure to call or cross-examine witnesses are insufficient.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.