■ In the Matter of the Guardianship of SANOVIA G., an Infant. BETTY G., Appellant; EDWIN GOULD SERVICES FOR CHILDREN, Respondent. [666 NYS2d 596] —Order of disposition, Family Court, New York County (George Jurow, J.), entered on or about January 31, 1996, terminating respondent mother's parental rights to the subject child upon a finding of mental illness and committing custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Expert testimony established that respondent is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for her child (Social Services Law § 384-b [4] [c]; [6] [a]). The evidence is clear and

convincing that respondent mother has suffered from severe mental illness for more than 15 years, characterized by a recurring cycle of psychiatric hospitalizations, sometimes for extended periods of time, and that she has functioned at only a marginal level throughout her entire adult life. Since respondent is simply incapable of caring adequately for her child at the present time and there is no evidence that there is any prospect that she will be capable of doing so in the foreseeable future, Family Court properly granted the petition to terminate her parental rights (*see, Matter of Aridyse Ashley J.*, 242 AD2d 438; *Matter of Angela Marie N.*, 223 AD2d 423, *lv denied* 88 NY2d 814). The court's disposition committing guardianship and custody of the child to petitioner was soundly based on the best interests of the child (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148).

We reject respondent's argument that the court impermissibly allowed opinion testimony by an expert on the ultimate issue of fact. The subject testimony was admissible since it concerned a matter requiring professional or skilled knowledge, such as medical condition (*Dufel v Green*, 84 NY2d 795; *see,* Fisch, New York Evidence §§ 413, 422 [2d ed]).

Respondent received effective assistance of counsel. Failure to call a rebuttal psychiatric witness does not indicate ineffectiveness (*Matter of Claudina Paradise Damaris B.*, 227 AD2d 135). The evidence of respondent's long-standing and severe psychiatric problems and inability to care even for herself was overwhelming and there is no reason to expect another expert to reach a different conclusion (*see also, Matter of Angela Marie N.*, 223 AD2d 423, *supra*). We have considered respondent's other contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Williams, Andrias and Colabella, JJ.