■ In the Matter of TABATHA WW. and Others, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNEDY WW., Appellant. (And Two Other Related Proceedings.) [688 NYS2d 709] —Spain, J. Appeal from three orders of the Family Court of St. Lawrence County (Nelson, J.), entered August 30, 1996, which, *inter alia*, granted petitioner's applications, in three proceedings pursuant to Family Court Act article 10, to adjudicate respondent's children and stepchildren to be neglected.

On April 25, 1996, after a fact-finding hearing which spanned six days, respondent was found to have neglected his two biological children and three stepchildren in that he, *inter alia*, forced all of them to either engage in or observe the others engage in deviant sexual acts with a dog, and forced all of them to observe or participate in other sexual activity. The dispositional orders are supplemented by orders of protection directing respondent to, *inter alia*, have no contact with any of the children until they are 18 years of age.

Respondent's sole contention on appeal is that the evidence was insufficient to make a finding of neglect. We disagree. A finding of neglect under Family Court Act article 10 must be

based upon a preponderance of the evidence (*see, Matter of Tammie Z.*, 66 NY2d 1, 3; *see also,* Family Ct Act § 1046 [b]). Indeed, a child's prior out-of-court statements regarding neglect and abuse of that child must be corroborated (*see, Matter of Nicole V.*, 71 NY2d 112, 117), which, for purposes of article 10 proceedings, is defined as " '[a]ny other evidence tending to support the reliability of the previous statements' " (*Matter of Christina F.*, 74 NY2d 532, 536, quoting Family Ct Act § 1046 [a] [vi]; *see, Matter of Kelly F.*, 206 AD2d 227, 228). Significantly, where more than one child is the subject of an abuse/neglect proceeding, the corroboration requirement is satisfied when each child's out-of-court statement is supported by out-of-court statements from the other victimized children (*see, Matter of Nicole V., supra*, at 124; *Matter of Jennifer T.*, 212 AD2d 1039, 1040). Moreover, " 'proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child' " (*Matter of Ely P.*, 167 AD2d 473, 475, quoting Family Ct Act § 1046 [a] [i]; *see, Matter of Jennifer Q.*, 235 AD2d 827, 828).

Here, five witnesses who examined, treated or interviewed some or all of the children testified on behalf of petitioner; they included a State Police investigator, a pediatrician, a psychologist, a therapist and a child protective caseworker. Every out-of-court statement made by the children to one or more of these witnesses which was relied upon by Family Court was cross-corroborated by testimony of statements made by one or more of the other children. Additional corroboration, as well as direct proof, was provided in the testimony of respondent's wife who personally observed some of respondent's abusive and neglectful behavior. In our view, the statements in question were sufficiently corroborated.

Upon our review, we find that Family Court's finding of neglect as to each child is amply supported by a preponderance of the evidence. The court's findings regarding the credibility of the witnesses are entitled to great deference (*see, Matter of Kim HH.*, 239 AD2d 717, 718-719; *Matter of Guy UU.*, 200 AD2d 852; *Matter of Esther CC.*, 194 AD2d 949). Notably, the overwhelming evidence and findings of neglect with respect to the two oldest girls and the only boy support a determination of derivative neglect with respect to the others (*see, Matter of Jennifer Q., supra*, at 828; *see also,* Family Ct Act § 1046 [a] [i]; *Matter of Shawnmanne CC.*, 244 AD2d 662). In our view, Family Court's conclusion that respondent's behavior reflects "a distorted view of parenting, obsession with sexual matters and [a] pattern of progressive attempts at sexual degradation of children" is extensively supported by the evidence.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.