■ In the Matter of MELISSA P. and Others, Infants. ANGEL S., Respondent; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant, et al., Respondent. [689 NYS2d 481] —Order, Family Court, Bronx County (Harold Lynch, J.), entered on or about August 10, 1998, which dismissed the petition alleging sexual abuse of the subject child Melissa P. by respondent stepfather for failure of proof, unanimously reversed, on the facts, without costs, the petition reinstated, a finding of sexual abuse entered, and the matter remanded for a dispositional hearing before a different Judge.

A review of the record indicates that the court overlooked evidence in the record that is strongly corroborative of Melissa's story (*Matter of Dora F.*, 239 AD2d 228, 230, *lv denied* 92 NY2d 805), and placed undue emphasis on minor inconsistencies and documentary evidence that actually consisted of double and triple hearsay. Viewed in light of the whole record, the factors upon which the court relied all militate in favor of finding Melissa's version of the events to be more reliable.

While a trial court's findings on credibility should rarely be disturbed, they must, however, be supported by the record. In this case, the Family Court erred in its acceptance of respondent's testimony over that of the subject child. The court emphasized Melissa's psychological conditions as undermining her credibility, but ignored the psychiatric report that wholly corroborated her story and found evidence of sexual abuse. The court unduly faulted Melissa for childhood lies and forging a note in the third grade, but brushed aside respondent's conviction for gambling, weapons and marihuana, and the fact that his other children stated that they were afraid of him. The court rested its findings largely on inconsistencies between Melissa's trial testimony and the documentary evidence. The court, however, failed to take into account that these documents were merely double and triple hearsay accounts of Melissa's prior statements. Viewed in light of the entire record, Melissa's testimony was largely consistent, and was corroborated in large measure by respondent's and the mother's own recollection of the incidents, the psychiatric report, the testimony of the caseworker that he found Melissa to be "credible", and the unexplained, very troubling household rules put in place by the mother with the sole aim of preventing Melissa from being home alone with respondent. As such, petitioner established its case and demonstrated sexual abuse of Melissa by respondent Angel S. Concur—Nardelli, J. P., Lerner, Mazzarelli and Saxe, JJ.