■ In the Matter of ASHLEY D., a Child Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT C., Appellant. (Proceeding No. 1.) In the Matter of AMANDA C. and Another, Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT C., Appellant. (Proceeding No. 2.) [702 NYS2d 209] —Spain, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Rogers, J.), entered May 22, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's stepdaughter to be abused, and (2) from an order of said court, entered May 22, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's biological children to be neglected.

In October 1997, petitioner commenced two separate proceedings against respondent, one alleging that he abused and neglected his stepdaughter and one alleging that he neglected his two biological daughters. The petitions arose from an incident on October 7, 1997 where respondent allegedly removed his stepdaughter from school during the school day and, after striking her in the face, forcibly sexually assaulted her. At the conclusion of the fact-finding hearing, Family Court found that

respondent had physically and sexually assaulted his stepdaughter and that the other two children were derivatively neglected by respondent. Respondent solely appeals from the separate orders of fact-finding which were thereafter entered on May 22, 1998.

We affirm, rejecting as meritless respondent's primary contention that the evidence was insufficient. Determinations of abuse and neglect must be based on a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]). A child's out-of-court statements relating to an alleged abuse are admissible as evidence at fact-finding and, if corroborated, shall be sufficient to establish abuse (*see,* Family Ct Act § 1046 [a] [vi]). By statute, "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]), and Family Court has considerable discretion to determine whether a child's out-of-court statements have been sufficiently corroborated (*see, Matter of Christina F.,* 74 NY2d 532, 536; *Matter of Kelly F.,* 206 AD2d 227, 228; *see also, Matter of Nicole V.,* 71 NY2d 112, 123).

Here, several witnesses, including a social worker and a senior investigator with the State Police, testified regarding the seven-year-old stepdaughter's out-of-court statements about the attack and there was other evidence which sufficiently corroborated her statements. Another State Police investigator testified that the bruises and marks on this child's face and neck were indicative of a hand strike and choking. Respondent's wife testified that there was no reason for respondent to remove her daughter from school early on the day of the attack and the child's third grade teacher testified that she had no bruises or marks on her face when she left class that day. The emergency room doctor testified that the child's injuries and condition were consistent with being struck in the face with an open hand, with sexual assault and with abuse, specifically ruling out other benign explanations for her symptoms and bruising. This uncontroverted testimony was sufficient to corroborate the stepdaughter's out-of-court statements, as it "tend[ed] to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]) and provided sufficient evidence to support Family Court's finding that respondent abused his stepdaughter.

We next reject respondent's contention that the evidence did not support findings of neglect regarding his two biological children. "[P]roof of the abuse * * * of one child shall be admissible evidence on the issue of the * * * neglect of any other child" (Family Ct Act § 1046 [a] [i]). To be sure, the forceful

sexual attack of his stepdaughter is strong evidence of fundamental flaws in respondent's understanding of his role and responsibilities as a parent (*see, Matter of Amanda LL.*, 195 AD2d 708, 709). In light of this and other evidence of neglect reflected in the record, we cannot conclude that Family Court erred in making findings of derivative neglect with respect to the other two children.

We further conclude that respondent's contention that he was denied effective assistance of counsel is unpersuasive. While a respondent in an abuse and neglect proceeding has a right to counsel, including the right to have counsel assigned if indigent (*see*, Family Ct Act §§ 261, 262), there is no right to have assigned counsel of one's choice (*see, Matter of Jennifer O.*, 256 AD2d 1197, *lv dismissed and denied* 93 NY2d 895; *Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694, 696, *lv denied* 87 NY2d 804). Here, respondent was assigned an attorney and, although he had time to hire counsel and apparently attempted to do so, was unable to secure an attorney of his choice. He informed Family Court on the day of the fact-finding hearing that he wanted to discharge his assigned attorney and, when Family Court refused to assign a new attorney, respondent chose to represent himself. The court required assigned counsel to remain by respondent's side throughout the proceedings and, in fact, respondent sought assistance from assigned counsel several times during the hearing, made many objections—a number of which were sustained—and successfully impeached his wife based on, *inter alia*, prior bad acts. Thus, respondent's claim of ineffective assistance of counsel fails because he did not demonstrate the inadequacy of his representation aided by assigned counsel, or that he was thereby prejudiced (*see, Matter of Matthew C.*, 227 AD2d 679, 682-683; *Matter of Dingman v Purdy*, 221 AD2d 817, 818), and his bare assertions of ineffective assistance of counsel do not suffice (*see, Matter of Shawnmanne CC.*, 244 AD2d 662, 664).

Finally, respondent's claim that Family Court improperly denied him visitation with his children is not properly before this Court as he did not file a notice of appeal from the two dispositional orders addressing visitation which were entered July 8, 1998, subsequent to the filing of respondent's notices of appeal *sub judice*. In any event, Family Court properly considered the best interests of the children, including the potential threat of future harm (*see, Matter of Kathleen OO.*, 232 AD2d 784), and that the rights of parents must be subordinate to the protection of children from parents unable or

unwilling to fulfill their parental duties (*see, Matter of Charles DD.*, 163 AD2d 744, 747). Here, considering the extremely serious nature of respondent's behavior toward his stepdaughter, Family Court properly acted within its discretion in denying respondent visitation with all of the children.

Mercure, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the orders are affirmed, without costs.