■ In the Matter of ELIZABETH MM., a Child Alleged to be Abused and/or Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENNIS MM., Appellant. [715 NYS2d 99] —Lahtinen, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered July 12, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused and neglected.

Respondent and Mary MM. are the parents of Elizabeth MM., born in 1994. In April 1998 statements made by Elizabeth to her babysitter prompted a call to the New York State Central Registry. The subsequent investigation by petitioner's child protective services unit resulted in petitions filed pursuant to Family Court Act article 10 against respondent alleging that he sexually abused Elizabeth and that Elizabeth was also neglected as a result of that abuse.*

A fact-finding hearing was held during which petitioner and the Law Guardian presented witnesses and Family Court attempted to interview Elizabeth in camera in the presence of counsel for the parties, the Law Guardian and the child's treating psychology intern. No witnesses were called by respondent (or Elizabeth's mother). At the conclusion of the fact-finding hearing respondent moved for dismissal of the petitions, citing the failure of proof and lack of corroboration of Elizabeth's out-of-court statements. Family Court issued a comprehensive written decision finding petitioner had proven by a fair preponderance of the evidence that respondent had abused Elizabeth as that term is defined in Family Court Act § 1012 (e) (iii) by committing acts against her which constituted sexual abuse in the first degree (Penal Law § 130.65), neglected her by failing to provide her with proper supervision or guardianship and unreasonably inflicting harm upon her by committing the sexual abuse (Family Ct Act § 1012 [f] [i] [B]) and that there was "more than adequate corroboration of Elizabeth's statements" in the record. The dispositional hearing resulted in an order, *inter alia*, placing Elizabeth in the custody of petitioner, placing respondent under the supervision of petitioner, mandating his attendance at a sex offenders' treatment program, and issuance of an order of protection requiring respondent to have no contact with the child. Respondent appeals.

Respondent argues on appeal that the record fails to establish by the requisite preponderance of the credible evidence (Family Ct Act § 1046 [b] [i]) that he sexually abused his daughter, the proof consisting of the unsworn out-of-court statements of Elizabeth which he claims were not sufficiently corroborated by other proof. We disagree and affirm the findings and disposition of Family Court.

Elizabeth's statements which formed the basis for this Family Court Act article 10 proceeding were first revealed to her regular babysitter, who testified that while showing her own

* A neglect petition was also filed against Elizabeth's mother, Mary MM. Mary MM. is not a party to this appeal.

daughter a medical book on an unrelated subject in Elizabeth's presence, Elizabeth pointed to a picture of a man and a woman and stated "daddy touched her breasts and her privates." The babysitter told Elizabeth's mother about the statements and thereafter made a report to the New York State Central Registry. Another witness testified at the fact-finding hearing concerning Elizabeth's graphic description of the sexual abuse. While Elizabeth's in camera testimony did not provide evidence regarding the alleged sexual abuse by her father, we agree with Family Court that the record contains sufficient other corroboration of her out-of-court statements to sustain the finding of abuse and neglect.

Child protective proceedings are civil in nature and a finding need only be supported by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.*, 71 NY2d 112, 117; *Matter of Ashley D.*, 268 AD2d 803, 804, *lv denied* 94 NY2d 763). A child's unsworn out-of-court statements relating to the allegations of abuse are admissible in a fact-finding hearing but must be corroborated to establish a finding of abuse or neglect (*see*, Family Ct Act § 1046 [a] [vi]; *Matter of Ashley D.*, *supra*, at 804). Corroboration in this type of proceeding is "[a]ny other evidence tending to support the reliability of the previous statements" (Family Ct Act § 1046 [a] [vi]; *see*, *Matter of Christina F.*, 74 NY2d 532, 536) and we have held that such corroboration "can be gleaned from any evidence tending to support the reliability of the statements" (*Matter of Jessica Y.*, 206 AD2d 598, 600). We also note whether the corroborative evidence offered actually supports the child's out-of-court statements is a matter left to the considerable discretion of Family Court (*see*, *Matter of Grace VV.*, 206 AD2d 608, 609, *lv denied* 84 NY2d 809).

Petitioner presented the testimony of experts, Monica Meyer, a licensed pediatrician, and Cheryl Seufert, a doctoral candidate in psychology interning at the Ulster County Mental Health Clinic who testified that Elizabeth had above average intelligence for her age and that they observed her exhibit typical behavior of a sexually abused child. Meyer testified that Elizabeth became withdrawn and then agitated to the point of sobbing during the physical examination of her genital area. Petitioner's child protective caseworker also testified to statements related to her by Elizabeth, her observation of Elizabeth exhibiting the typical behaviors of a sexually abused child and described how Elizabeth physically demonstrated what she meant by daddy touching her inside. The foster mother caring for Elizabeth related that while in her care on

several occasions Elizabeth told her that her father touched her in the bedroom and bathroom. Elizabeth's 15-year-old half-sister also testified that she had been sexually abused over a period of years by her father, whom she no longer visited.

While lacking physical evidence of sexual abuse by respondent, the medical and psychological testimony pertaining to behavioral characteristics of victims of sexual abuse in a family setting (*see, Matter of Pratt v Wood*, 210 AD2d 741; *see also, Matter of Nicole V., supra*, at 120; *Matter of Jessica DD.*, 234 AD2d 785, *lv denied* 89 NY2d 812) validating Elizabeth's out-of-court statements relating to respondent's sexual abuse of her (*see, Matter of Kaitlyn R.*, 267 AD2d 894, 896; *Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W.*, 210 AD2d 328) provide appropriate, credible corroboration of those statements. Elizabeth's out-of-court statements relating to respondent's sexual abuse of her are sufficiently corroborated to establish abuse and the resultant neglect under the standard imposed by Family Court Act § 1046 (a) (vi).

We find Family Court's determination that respondent abused and neglected his daughter amply supported by the record.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.