■ In the Matter of NICHOLAS GG. and Others, Children Alleged to be Permanently Neglected and/or Abandoned. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ELAINE GG., Appellant, et al., Respondent. [726 NYS2d 802] —Spain, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered January 24, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be, *inter alia*, permanently neglected, and terminated respondents' parental rights.

Respondent Elaine GG. (hereinafter respondent) and her estranged husband, respondent Kevin GG., are the parents of three children, Nicholas (born in 1991), Stacey (born in 1992) and Devin (born in 1994). Petitioner commenced this proceeding seeking termination of parental rights on the grounds of

permanent neglect by both parents and abandonment by the father. Following a fact-finding hearing, Family Court found that respondent had permanently neglected her children and their father had abandoned them. A dispositional hearing was then held and Family Court determined that it was in the best interests of the children to terminate the parental rights of both parents. Only respondent appeals.

Respondent's sole contention on appeal is that she was denied the effective assistance of counsel and, as a result, is entitled to a new trial. She argues that her trial counsel's failure to offer any proof on her behalf—specifically the fact that he did not call her or any other witnesses to testify on her behalf at the fact-finding or dispositional hearings—amounts to a violation of the right to meaningful counsel of constitutional dimension (*see*, US Const 6th, 14th Amends; NY Const, art I, § 6; Family Ct Act §§ 261, 262 [a] [iv]; *see also*, *Matter of Matthew C.*, 227 AD2d 679, 682).

Notably, in support of her argument that she was denied the effective assistance of counsel, respondent has submitted an affidavit with her appellate brief which includes material not contained in the record. Although such evidence could properly be submitted to the trial court in support of a motion for a new trial (*see*, CPLR 4404 [b]), such extrinsic evidence is dehors the record and will not be considered for the first time on appeal.

To establish that she was not afforded effective assistance of counsel, it was incumbent upon respondent to demonstrate—on the record before us—both that she was deprived of meaningful representation and that counsel's deficiencies caused her to suffer actual prejudice (*see*, *Matter of Matthew C.*, *supra*, at 683). The record reflects that counsel was familiar with both the facts and law relevant to the case. During the fact-finding hearing, counsel elicited testimony on cross-examination which was beneficial to respondent establishing, *inter alia*, that respondent did not miss visits with her children, that such visits ordinarily went well, that the children enjoyed visitation with their mother and that respondent had made some improvement in her parenting skills. Counsel also made numerous successful objections during the fact-finding hearing (*see*, *Matter of Ashley D.*, 268 AD2d 803, 805, *lv denied* 94 NY2d 763). Thus, despite his decision not to offer evidence, we cannot say that counsel's representation at the fact-finding hearing was not meaningful or constitutionally adequate (*see*, *Matter of Shawnmanne CC.*, 244 AD2d 662, 663-664; *Matter of Angela Marie N.*, 223 AD2d 423, 424, *lv denied* 88 NY2d 814). We find that respondent has not satisfied her burden of establishing that

the claimed additional testimony would have altered the conclusion that she permanently neglected the children (*see, Matter of Shawnmanne CC., supra,* at 664; *Matter of Matthew C., supra,* at 683).

In this regard, the record contains overwhelming testimonial and documentary evidence of respondent's chronic abuse of alcohol and her failure to address this problem despite steady efforts by petitioner to assist her and to make her aware of the detrimental effects her alcohol abuse has on her children. Indeed, the record established that she continues to reside with a codependent, admitted alcohol abuser, that she has completely failed to make efforts to become—or even recognize the benefit of becoming—financially self-sufficient, and that she lacks the skills and interest to properly supervise her children. It is clear that—despite the diligent efforts of petitioner—respondent failed to take the steps necessary to correct the conditions which led to the removal of her children (*see,* Social Services Law § 384-b [7] [a], [c], [f]).

However, even assuming that counsel's decision not to present evidence at the fact-finding hearing was part of his overall trial strategy (*see, People v Sullivan,* 153 AD2d 223, 226, *lv denied* 75 NY2d 925), once the finding of permanent neglect had been made, we can discern no tactical reason nor legitimate explanation for his failure to present any proof whatsoever in defense of his client during the dispositional hearing. No witnesses were called—including respondent—nor were there any arguments set forth, not even a request, for a suspended judgment. The only matter advanced concerned whether there should be visitation after the adoption and, as such, it appears that termination of respondent's parental rights was presumed. While termination may have been, as the dissent appears to suggest, a foregone conclusion, thereby rendering—in the dissent's view—a remittal for another hearing superfluous, for us, "the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento,* 91 NY2d 708, 714).

Accordingly, we conclude that respondent's counsel's omissions, in what should have been an adversarial proceeding, seriously prejudiced respondent's right to a fair dispositional hearing, such that she was deprived of meaningful representation under the mandate of the State Constitution (*see,* NY Const, art I, § 6; *People v Benevento, supra,* at 712; *People v Baldi,* 54 NY2d 137, 147). The dispositional order should therefore be reversed and the matter remitted for a new

dispositional hearing, which should be expedited, and new counsel should be assigned to represent respondent.

Cardona, P. J. and Mercure, J., concur.

Peters, J. (concurring in part and dissenting in part). We agree with the majority that respondent Elaine GG. (hereinafter respondent) was not denied the effective assistance of counsel at the fact-finding phase of this proceeding for the reasons stated but would further find that respondent failed to demonstrate that she was deprived of "meaningful representation [at the dispositional phase] and that she suffered *actual prejudice* as the result of the claimed deficiencies" (*Matter of Matthew C.*, 227 AD2d 679, 682-683 [emphasis supplied]; *see, Matter of Dingman v Purdy*, 221 AD2d 817).

In matters of this kind, the standard to determine whether a litigant is provided with effective assistance of counsel equates with that utilized in criminal proceedings—"the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, [must] reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). The majority recognizes the overwhelming testimonial and documentary evidence presented at the fact-finding hearing which established respondent's chronic abuse of alcohol and her refusal to seek necessary treatment. Instead of accepting assistance in order to reunite with her children, she chose to reside with, as the majority terms it, "a codependent, admitted alcohol abuser." She further failed to regularly attend drug and alcohol treatment during the years that her children were in foster care and, even when the fact-finding portion of the proceeding was imminent, still failed to keep her appointments. Respondent lost her public assistance grant due to noncompliance with this and other programs.

Even after the completion of the fact-finding hearing, respondent remained with her alcoholic paramour; notably they were evicted from their apartment for "drinking and fighting" prior to the dispositional hearing. In light of the continuation of respondent's aberrant behavior, we cannot agree that counsel's failure to have called her as her own witness at the dispositional phase of the proceeding was a tactical stratagem which resulted in *actual prejudice*. Respondent's counsel both cross-examined witnesses presented at that hearing and challenged the submission of documentary evidence. Certainly, his focus upon the possible terms of an open adoption should parental rights, in fact, be terminated, does not warrant a conclusion that meaningful representation was not provided. In our view, counsel "exercised [his] professional judgment in not calling

[her as a] witness[ ]" (*Matter of Dingman v Purdy*, 221 AD2d 817, 818, *supra*).

Although the majority contends that respondent's counsel should have at least sought a suspended judgment at the dispositional hearing, respondent does not specifically advance this argument on appeal. Clearly, the failure to request such disposition did not result in any actual prejudice to respondent since Family Court itself considered, and explicitly rejected, the propriety thereof (*cf., Matter of James R.*, 238 AD2d 962).*

Given Family Court's articulated findings, it would be superfluous to remit the matter for another dispositional hearing at which new counsel would go through the motion of arguing for a disposition which was already considered and appropriately rejected (*see, Matter of Anthony OO.*, 258 AD2d 788, 789; *Matter of Grace Q.*, 208 AD2d 976, 977). Under these circumstances, we would affirm the order in its entirety (*see, People v Baldi*, 54 NY2d 137, *supra*; *Matter of Tina PP.*, 188 AD2d 704, *appeal dismissed* 81 NY2d 834).

Carpinello, J., concurs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as terminated the parental rights of respondent Elaine GG.; matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Family Court noted the length of time that each child had been in petitioner's custody and that "[i]ntensive, persistent efforts by [petitioner] to persuade, even cajole, the respondent into effective treatment have failed during the ensuing three years." After further quoting from a prior decision in this matter wherein respondent was expressly forewarned that termination of her parental rights would be the only option left " 'if a dramatic and complete about-face by [her was] not immediately forthcoming,' " the court found that "[a] suspended judgment would not only disserve the best interests of the children, but would be simply unfair to them." In rejecting this option, Family Court also found that "[t]he youth of these children should not be allowed by the court to pass fleetingly without a permanent home * * * while service providers continue efforts which have utterly failed for the years that these children have remained in care."