■ In the Matter of TOMMY R., JR. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TOMMY R., SR., Appellant. [748 NYS2d 119] —Appeal from an order of Family Court, Erie County (Rosa, J.), entered May 2, 2001, which adjudged that respondent's child is a permanently neglected child, transferred the guardianship and custody rights of the child to petitioner, and authorized petitioner to consent to the adoption of the child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent, Family Court terminated his parental rights based on a finding of permanent neglect, not on a finding of abandonment.

Contrary to the further contention of respondent, petitioner established that it made diligent efforts to strengthen the parental relationship but respondent failed to communicate with petitioner or apprise petitioner of his location. "Of course, if an agency 'has embarked on a diligent course but faces an utterly [uncooperative] or indifferent parent [it] nevertheless [is] deemed to have fulfilled its duty' " (*Matter of Shiann RR.*, 285 AD2d 762, 763, quoting *Matter of Sheila G.*, 61 NY2d 368, 385). Here, petitioner established that it "repeatedly sought to offer respondent assistance but that respondent was not responsive to the agency" (*Matter of Travis Devon B.*, 295 AD2d 205, 205). In any event, "evidence of diligent efforts by an agency to encourage and strengthen the parental relationship shall not be required when * * * the parent has failed for a period of six months to keep the agency apprised of his or her location" (Social Services Law § 384-b [7] [e] [i]; *see Sheila G.*, 61 NY2d at 383 n 5; *Matter of Shamell J.*, 202 AD2d 285, 287).

Finally, we reject the contention of respondent that he was denied effective assistance of counsel. Respondent has failed to establish that he received "less than meaningful representation and that [he] suffered actual prejudice as the result of the claimed deficiencies" (*Matter of Matthew C.*, 227 AD2d 679, 682-683; *see Matter of Nicholas GG.*, 285 AD2d 678, 679). Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.