■ In the Matter of GRABIEL V., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NOEMI D., Appellant, et al., Respondent. (Appeal No. 1.) [873 NYS2d 840]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 13, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child is a permanently neglected child and terminated the parental rights of respondent Noemi D.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these four appeals, respondent mother appeals from orders adjudicating her children to be permanently neglected and terminating her parental rights with respect to them. Contrary to the mother's contention in each appeal, petitioner established that it exercised the requisite diligent efforts to strengthen the parent-child relationship by "provid[ing] the assistance necessary for the [mother] to overcome the particular conditions that separated [her] from [her children]" (*Matter of Jesus JJ.*, 232 AD2d 752, 753 [1996], *lv denied* 89 NY2d 809 [1997]; *see* Social Services Law § 384-b [7] [a], [f]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *cf. Matter of Olivia L.*, 41 AD3d 1226, 1227 [2007]). We further conclude that petitioner established that the mother permanently neglected her children (*see* Social Services Law § 384-b [7] [a]). "[All-though [the mother] did cooperate with [petitioner] to some degree and made limited progress in other areas, [she] nevertheless failed to address and overcome the primary problem that led to the children's removal in the first instance" (*Matter of Michelle F.*, 222 AD2d 747, 749 [1995]; *see Matter of Kerensa D.* [appeal No. 2], 278 AD2d 878 [2000], *lv denied* 96 NY2d 707 [2001]). The " 'unwillingness on [the mother's] part to recognize and address the [children's] particular, specialized needs was properly considered by [Family Court] as evidence of a failure to take the steps necessary to provide [the children] with appropriate care' " (*Matter of Noemi D.*, 43 AD3d 1303, 1303 [2007], *lv denied* 9 NY3d 814 [2007]).

Even assuming, arguendo, that the mother preserved for our review her contention that the dispositional hearing was

"deficient," we reject that contention. The court's procedure in conducting the hearing was proper (*see* Family Ct Act § 625 [a]; *Matter of Justina Rose D.*, 28 AD3d 659, 660-661 [2006]; *Matter of Baby Boy G.*, 219 AD2d 549 [1995]). We further conclude on the record before us that the failure of the mother's attorney to present any evidence at the dispositional hearing, without more, does not constitute ineffective assistance of counsel. At the fact-finding hearing, the mother's attorney thoroughly cross-examined petitioner's witnesses and presented witnesses on the mother's behalf, and the mother has failed to establish that the failure to present evidence at the dispositional hearing "caused her to suffer actual prejudice" (*Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]; *see Matter of Tommy R.*, 298 AD2d 967, 968 [2002], *lv denied* 99 NY2d 505 [2003]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.