"deficient," we reject that contention. The court's procedure in conducting the hearing was proper (*see* Family Ct Act § 625 [a]; *Matter of Justina Rose D.*, 28 AD3d 659, 660-661 [2006]; *Matter of Baby Boy G.*, 219 AD2d 549 [1995]). We further conclude on the record before us that the failure of the mother's attorney to present any evidence at the dispositional hearing, without more, does not constitute ineffective assistance of counsel. At the fact-finding hearing, the mother's attorney thoroughly cross-examined petitioner's witnesses and presented witnesses on the mother's behalf, and the mother has failed to establish that the failure to present evidence at the dispositional hearing "caused her to suffer actual prejudice" (*Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]; *see Matter of Tommy R.*, 298 AD2d 967, 968 [2002], *lv denied* 99 NY2d 505 [2003]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.

In the Matter of KELVIN D., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NOEMI D., Appellant, et al., Respondent. (Appeal No. 2.) [872 NYS2d 362]—Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 13, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child is a permanently neglected child and terminated the parental rights of respondent Noemi D.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same Memorandum as in *Matter of Grabiel V.* (59 AD3d 1132 [2009]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.

In the Matter of BIENVENIDO V., JR., an Infant. CHAUTAU-QUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NOEMI D., Appellant. (Appeal No. 3.) [872 NYS2d 362]—Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 13, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child is a permanently neglected child and terminated the parental rights of respondent Noemi D.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Grabiel V.* (59 AD3d 1132 [2009]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.

In the Matter of YOVANI V., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NOEMI

D., Appellant, et al., Respondent. (Appeal No. 4.) [872 NYS2d 361]—Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered June 13, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order, insofar as appealed from, adjudged that the child is a permanently neglected child and terminated the parental rights of respondent Noemi D.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of Grabiel V.* (59 AD3d 1132 [2009]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON M. KOLUPA, Appellant. [872 NYS2d 831]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 30, 2006. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, sexual abuse in the first degree, criminal sexual act in the first degree, attempted sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice by directing that the sentences imposed on counts one through four of the indictment shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [3]) and attempted rape in the first degree (§§ 110.00, 130.35 [3]). Contrary to defendant's contention, the unsworn testimony of the seven-year-old victim was sufficiently corroborated by evidence of defendant's opportunity, the testimony concerning defendant's statements to the police and the testimony of other witnesses (*see generally*