■ In the Matter of Sonia C. and Another, Children Alleged to be Abused and/or Neglected. Juana F. et al., Respondents; New York City Administration for Children's Services, Appellant. [895 NYS2d 363]—

Order, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about July 1, 2009, which denied the petition and dismissed the allegations of sexual abuse and neglect against respondents, unanimously affirmed, without costs.

Although a trial court's findings on credibility should rarely be disturbed, they must still be supported by the record (*Matter*

*of Melissa P.*, 261 AD2d 141, 142 [1999], *lv denied* 95 NY2d 762 [2000]; *Matter of Dora F.*, 239 AD2d 228, 230 [1997], *lv denied* 92 NY2d 805 [1998]). Here, the record supports the court's conclusion that sexual abuse was not established in accordance with Family Court Act § 1012 (e) by a preponderance of credible evidence (§ 1046 [b] [i]), since the child's testimony was inconsistent, vague and lacking in specific details, and the testimony of other witnesses did not independently corroborate her allegations. On the other hand, respondent mother's testimony, viewed as a whole, is consistent with that of the other witnesses. Because the court's determination of her credibility was based on observations of her demeanor, which we do not have the benefit of evaluating, we will accord it "the greatest respect" (*Matter of Irene O.*, 38 NY2d 776, 777 [1975]).

Although the court should not have dismissed the neglect allegations without stating on the record the grounds for the dismissal (Family Ct Act § 1051 [c]), these allegations simply were not supported by credible evidence, and nothing in the record shows that respondents otherwise failed to provide a minimum degree of care (§ 1012 [f] [i]) or that the children suffered harm as a result thereof. Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.