■ In the Matter of TAYLOR T., a Child Alleged to be Abused and/or Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARREN T., Respondent. ROBERT C. MITCHELL, Nonparty Appellant. [902 NYS2d 122]—

In a child protective proceeding pursuant to Family Court Act article 10, the attorney for the child appeals from an order of the Family Court, Suffolk County (Tarantino, J.), dated July 17, 2009, which, after a fact-finding hearing, dismissed the petition alleging abuse and neglect.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's contention that the Family Court erred in dismissing the petition alleging abuse and neglect is without merit. Where, as here, there is conflicting testimony, and the matter turns upon the assessment of the credibility of witnesses, the factual findings of the Family Court must be accorded great weight (*see Matter of Heather S.*, 19 AD3d 606 [2005]; *Matter of H. Children*, 276 AD2d 485 [2000]; *Matter of Carine T.*, 183 AD2d 902 [1992]). The Family Court found the child's testimony to be incredible. There is no basis in the record to disturb the Family Court's determination of the factual issues.

The child's testimony as to the events was inconsistent, vague, and lacking in specific details (*see Matter of Sonia C. [Juana F.],* 70 AD3d 468 [2010]). Her timeline of events on December 27, 2008, and December 28, 2008, was contradicted by the documentary evidence. This constituted more than a peripheral inconsistency (*cf. Matter of Heather S.,* 19 AD3d 606 [2005]; *Matter of Bianca M.,* 282 AD2d 536 [2001]). The child's testimony was not corroborated by any other sources, including medical evidence, expert testimony, or the testimony of any other witnesses (*see Matter of Sonia C. [Juana F.],* 70 AD3d 468 [2010]; *cf. Matter of Tristan R.,* 63 AD3d 1075 [2009]; *Matter of Brittany K.,* 308 AD2d 585 [2003]). The Family Court's determination that the Suffolk County Department of Social Services failed to prove abuse or neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]) should not be disturbed. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.