■ In the Matter of DEVIN M., a Child Alleged to be Neglected. MARGARET W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of RICHARD ALLEN M., Respondent, v MARGARET W., Appellant. In the Matter of MARGARET W., Appellant, v RICHARD ALLEN M., Respondent. [989 NYS2d 35]—

Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about October 5, 2012, which upon a fact-finding determination that appellant mother had neglected the subject child due to her mental illness, released the child to respondent father's custody, unanimously affirmed, without

costs. Order, same court and Judge, entered on or about September 20, 2012, which granted the father's petition for custody of the child, unanimously affirmed, without costs. Order, same court and Judge, entered on or about September 21, 2012, which dismissed the mother's family offense petition against the father, unanimously affirmed, without costs. Appeal from order of fact-finding, same court and Judge, entered on or about February 15, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition. Appeals from orders of protection, same court and Judge, entered on or about January 23, 2012 and September 20, 2012, to the extent not abandoned, unanimously dismissed, without costs, as moot.

A preponderance of the evidence supports the court's finding that the subject child was neglected, since the child was harmed and at imminent risk of harm due the mother's mental condition (*see Matter of Cerenithy Ecksthine B. [Christian B.]*, 92 AD3d 417 [1st Dept 2012]; *see also* Family Ct Act § 1012 [f] [i]). Although various experts provided a variety of diagnoses, the lack of a definitive diagnosis does not preclude a neglect finding based on mental illness (*see Matter of Liarah H. [Dora S.]*, 111 AD3d 514, 515 [1st Dept 2013]). It was undisputed that the mother had an extensive history of psychiatric hospitalizations, both before and after the child was removed from her care, and that she continued to engage in irrational conduct, including pushing the child down the steps of a fire escape in order to avoid her own mother in the apartment, leaving numerous bizarre telephone messages for the father, the caseworker and various personnel at the child's school, and repeatedly making unfounded accusations of misconduct against the father and school personnel.

A preponderance of the evidence supports the court's determination that it is in the child's best interests to award custody to the father (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]). The evidence shows that the father has provided a stable and loving home, where the child is happy and thriving, while the mother's mental condition has not improved. The mother has not shown that she is better able to provide for the child financially. The mother failed to preserve her challenge to the consolidation of the dispositional and custody hearings (*see Matter of Princess Ashley C. [Florida S.C.]*, 96 AD3d 682, 683 [1st Dept 2012]). In any event, the focus of both proceedings is the best interests of the child (*see id.*), and the mother failed to demonstrate any prejudice by the consolidation. The mother also failed to preserve her claim that the Indian Child Welfare

Act (25 USC § 1901 *et seq.*) was applicable and, in any event, she failed to demonstrate that she or the child qualified for its protection (*see* 25 USC § 1903 [4]; *Matter of Cain Keel L. [Derzerina L.],* 78 AD3d 541, 542 [1st Dept 2010], *lv dismissed* 16 NY3d 818 [2011]). The mother failed to present evidence that she received ineffective assistance of counsel or that she was prejudiced by ineffective representation. The mother's attorney actively participated in the proceedings, presented evidence and witnesses, cross-examined witnesses, made arguments and objected appropriately (*see Matter of Sanovia G.,* 245 AD2d 207, 208 [1st Dept 1997]).

The court properly found that the mother failed to demonstrate, by a fair preponderance of the evidence, the allegations of the family offense petition (*see* Family Ct Act § 832). There is no evidence that the court relied on anything other than the testimony of the mother and the father, and the court's credibility determinations are entitled to deference (*see Matter of Melind M. v Joseph P.,* 95 AD3d 553, 555 [1st Dept 2012]).

To the extent the mother has not abandoned the appeals from the orders of protection, the appeals are dismissed since the terms of the orders have expired. Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.