Matter of Kobe N. (Juan Carlos N.) (2020 NY Slip Op 00356)





Matter of Kobe N. (Juan Carlos N.)


2020 NY Slip Op 00356


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10794A 10794

[*1] In re Kobe N., and Another, Children Under Eighteen Years of Age, etc., Juan Carlos N., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. Victoria S., Nonparty Respondent.


Carol Kahn, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Claibourne Henry of counsel), for Administration for Children Services, respondent.
Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for Victoria S., respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about May 21, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 21, 2018, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence shows that over the course of a number of years, the father neglected the children by committing multiple acts of domestic violence against the mother in the children's presence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Matter of Terrence B. [Terrence J.B.], 171 A3d 463 [1st Dept 2019]). In addition to the mother's testimony, medical records show that she was treated for bruises following the father's physical abuse (see Matter of Jaiden M. [Jeffrey R.], 165 AD3d 571 [1st Dept 2018]). The evidence also shows that the father, while intoxicated, slapped and yelled at one of the children. There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Sonia C. [Juana F.], 70 AD3d 468, 468-469 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK