Matter of C.F. (Carlos F.) (2023 NY Slip Op 05223)

Matter of C.F. (Carlos F.)

2023 NY Slip Op 05223

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Docket No. NA-16419/21 Appeal No. 806 Case No. 2022-05346 

[*1]In the Matter of C.F., a Child Under Eighteen Years of Age, etc., Carlos F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of fact-finding and disposition (one paper) of the Family Court, Bronx County (Cynthia Lopez, J.), entered on or about November 7, 2022, insofar as it determined, after a hearing, that respondent father sexually abused the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the father sexually abused the child (see Family Court Act §§ 1012[e][iii][A], 1046[b][1]; Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept 2013]). The child's sworn testimony at the fact-finding hearing constituted competent evidence that the father raped the child during their overnight visit at the paternal aunt's home when the child was nine years old (see Matter of Brittney B. [Marcelo B.],211 AD3d 426 [1st Dept 2022]). There is no basis for disturbing the Family Court's credibility determinations, including its evaluation of the child's testimony regarding the child's detailed description of the actions of the father and the child's reaction during and after the acts. The court's determination of the witnesses' credibility was based on observations of their demeanor and testimony, and the court rejected the father's blanket denial that he ever sexually abused the child, despite admitting that he did have an overnight visit with the child in December 2018 and determined that his testimony was not credible. We find no basis to overturn this credibility determination, which should be accorded deference on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Brittney B. [Marcelo B.], 211 AD3d at 426).
The father argues that inconsistencies between allegations in the petition and the child's testimony undermine the finding of abuse. However, these statements, of which there is no proof and which the child, in fact, denied, at most consisted of hearsay accounts of the child's prior statements and are insufficient to impeach her testimony (see Matter of Melissa P., 261 AD2d 141, 142 [1st Dept 1999]) and do not undermine the child's testimony in any event (see Matter of Jeffrey A., 147 AD3d 660 [1st Dept 2017]).
The father argues that ACS failed to conform the pleadings to the proof. As a threshold matter, this argument is unpreserved and we decline to review it in the interest of justice (see Matter of Anthony G. v Stephanie H., 189 AD3d 615, 616 [1st Dept 2020]). Even if this Court were to consider the father's argument, we would find it unavailing. Contrary to the father's argument, the manner in which the father penetrated the child is of no consequence relative to the alleged Penal Law violations, most of which encompass the unlawful sexual contact testified to by the child.
Furthermore, the father's argument that he received ineffective assistance of counsel is likewise unpreserved and unavailing (see Matter of Judith L.C. v Lawrence Y., 179 AD3d 616, 617 [1st Dept 2020]). The father's counsel actively participated in the proceedings by cross-examining the child, conducting [*2]examinations of the father and his two witnesses, the paternal aunt and the father's ex-girlfriend, and making arguments and objections to the court (see e.g. Matter of Devin M. [Margaret W.], 119 AD3d 435, 437 [1st Dept 2014]). The father's speculation that favorable evidence might have been offered on his behalf is not sufficient to demonstrate prejudice constituting ineffective assistance (see Matter of Anthony G. v Stephanie H., 189 AD3d at 616).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023