■ In the Matter of DARYL S., JR. SUFFOLK COUNTY DEPART-MENT OF SOCIAL SERVICES, Respondent; DARYL S., Appellant.— In a child protective proceeding pursuant to Family Court Act article 10, the appeal is from an order of the Family Court, Suffolk County (Auperin, J.), entered June 19, 1991, which, *inter alia,* made an affirmative finding of abuse, placed the appellant under the supervision of the Suffolk County Department of Social Services pursuant to Family Court Act § 1057, and, as a condition of supervision, ordered the appellant to regularly attend and participate in a treatment program for sexual offenders.

Ordered that the order is affirmed, without costs or disbursements.

The appellant challenges the sufficiency of the evidence to

support the finding of abuse, claiming that the child's out-of-court statements lacked the requisite corroboration. We find no merit to the appellant's contention. The evidence adduced by the petitioner sufficed to prove the allegations by the requisite preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]). The out-of-court statements by the appellant's five-year-old son that his father had sexually abused him were corroborated by Dr. Carl Soranno, a pediatrician, who testified that the symptoms displayed by the child which included, inter alia, "a widely dilated rectum" upon relaxation and the appearance of a red ring around the external sphincter of the rectum, led him to conclude with a reasonable degree of medical certainty "that something was placed into child's rectum". The appellant's attempts to attribute the child's symptoms, inter alia, to constipation or stool withholding were not convincing in view of Dr. Soranno's testimony that the degree of dilation observed would have required the continuation of chronic constipation over a prolonged period of time and the absence of any evidence that the child had experienced chronic constipation.

The child's out-of-court statements were additionally corroborated by the testimony of Laura Papell, a psychiatric social worker who had treated the child, that some of the behavioral characteristics displayed by the child were necessarily related to sexual abuse.

We are similarly unpersuaded by the appellant's claim that his former attorney's representation of him at the fact-finding hearing was ineffective. The right to counsel in a child protective proceeding under Family Court Act article 10 is guaranteed by statute (Family Ct Act § 262 [a] [i]) and affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings (see, Matter of Erin G., 139 AD2d 737). Applying that standard of review to the appellant's claim of ineffective assistance, we conclude that appellant's attorney afforded him meaningful representation (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137).

We have reviewed the appellant's remaining contentions and conclude that they are without merit. Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur.