■ In the Matter of ERIN QQ., Alleged to be an Abused and Neglected Child. WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, Appellant; JOSEPH QQ. et al., Respondents.—Mikoll, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered December 21, 1990, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Erin QQ. an abused and neglected child.

The primary questions presented on this appeal are (1) whether petitioner presented sufficient evidence of injuries to Erin QQ. to make out a prima facie case of child abuse or neglect (see, Family Ct Act § 1046 [a] [ii]) without respondents presenting a reasonable and adequate explanation of how the injuries were sustained (ibid.; see, Matter of Shawniece E., 110 AD2d 900), and (2) whether Family Court properly allowed respondents' six-year-old child, Joey, to testify in chambers without being subject to cross-examination by petitioner. In our view petitioner established a prima facie case of child abuse and neglect and respondents failed to present proof of a reasonable and adequate explanation of how the child sustained the injuries described. We also find no error in permitting the six-year-old child to testify. Accordingly, the order of Family Court should be reversed and the matter remitted for a dispositional hearing.

Erin was born to respondents in April 1987. About two months earlier respondents were certified to become foster parents and operate Sidney Center Foster Home. Respondents had two other children of their own. The record reveals that X rays taken October 21, 1988 show that Erin had sustained a fracture of her left tibia about two weeks previously. Thereafter, an X ray taken December 6, 1988 disclosed that Erin recently sustained a fracture of her humerus. Another X ray taken on an unspecified date showed that Erin had also sustained a spiral fracture of the right ulna. Anthony Cicoria, an orthopedic surgeon, testified that this X ray indicated that the ulna fracture was three months old.

Respondents explained that Erin sustained the fracture of her left tibia while she was roughhousing with the foster

children. Their six-year-old son, Joey, testified that Erin sustained the fracture when she fell down the stairs at the foster home. Respondents also asserted that the fracture of the humerus resulted when the foster children dropped Erin off the sofa. There was also expert medical evidence as to the significance of the fractures and the effect that the fractures would produce on the child. Family Court, however, found that petitioner failed to make out a case of abuse or neglect and dismissed the petition.

The evidence presented indicates that respondents knew that the foster children were roughhousing with Erin, even dropping her on the floor, but took no steps to eliminate that risk to Erin. The explanations submitted by respondents for Erin's injuries were neither reasonable nor adequate. We conclude that respondents' failure to act to protect Erin from further harm constituted both abuse and neglect (see, Family Ct Act § 1012 [e] [ii]; [f] [i] [B]; see also, Family Ct Act § 1046 [a] [ii]; *Matter of Shawniece E.,* 110 AD2d 900, *supra).* Accordingly, Family Court should not have dismissed the petition.

We find no error in the procedure followed by Family Court in examining Joey in chambers in the presence of counsel. The court ascertained that Joey knew what it meant to tell a lie and that he should not tell a lie. Moreover, there was no error in Family Court denying petitioner the right to cross-examine Joey.

Weiss, P. J., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petition granted, Erin QQ. adjudicated an abused and neglected child and matter remitted to the Family Court of Delaware County for a dispositional hearing.