■ In the Matter of PHILIP M. and Others, Children Alleged to be Abused. LORENE P. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent.— Order of disposition, Family Court, Bronx County (Marjory Fields, J.), entered October 25, 1991, which released all five of the subject children to the custody of respondents parents under the supervision of the Child Welfare Administration of petitioner Department of Social Services for a period of not

more than 12 months, upon a finding that two of the subject children had been sexually abused, unanimously affirmed, without costs.

Family Court Act § 1012 (e) (iii) defines an "abused child" as a child under the age of 18 whose parent or other person legally responsible for the child's care "commits, or allows to be committed, a sex offense against such child", and, in section 1046 (a) (ii), provides that "proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child shall be prima facie evidence of child abuse * * * of the parent or other person legally responsible." The statute thereby shifts the burden of proof to the parents to rebut evidence of abuse by providing a "reasonable and adequate explanation of how the injuries were sustained". *(Matter of Erin QQ.,* 180 AD2d 944; *Matter of Jesse S.,* 152 AD2d 581; *Matter of Sharnetta N.,* 120 AD2d 276, 280.)

We agree with Family Court that the explanations proffered by the respondents were nothing more than unfounded speculation and self-serving denials, and thus were insufficient to rebut petitioner's prima facie case of sexual abuse based on proof that three of the children had tested positive for chlamydia, a sexually transmitted disease and the six year old daughter had a damaged hymen *(see, Matter of P. Children,* 172 AD2d 839; *Matter of Tania J.,* 147 AD2d 252, 259). Because one of the children was 15 years old at the time he tested positive for chlamydia, Family Court declined to make a direct finding of abuse as to him on the theory that he might have contracted the disease through consensual sexual activity.

The unrebutted evidence that two of the children had been sexually abused created an imminent and substantial risk that the other children would also be sexually abused *(see,* Family Ct Act § 1046 [a] [i]; *Matter of F. Children,* 154 AD2d 594, 595; *Matter of James P.,* 137 AD2d 461, 464), and justified the derivative findings of abuse with respect to the other children. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.