■ In the Matter of CARLOS V., a Person Alleged to be a

Juvenile Delinquent, Appellant. [597 NYS2d 85] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Braslow, J.), entered July 23, 1991, which, upon two fact-finding orders of the same court (Pirro, J.), both entered June 7, 1991, made after hearings, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, criminal possession of a weapon in the fourth degree, and menacing under Petition E-22-91, and criminal mischief in the fourth degree under Petition D-428-91, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal, as limited by the appellant's brief, brings up for review the fact-finding order entered June 7, 1991, under Petition E-22-91.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We find that the court did not err when it permitted the presentment agency to cross-examine the appellant as to whether he committed certain specific criminal acts, as the agency had a good faith basis for the questions (see, Badr v Hogan, 75 NY2d 629; People v De Pasquale, 54 NY2d 693; Richardson, Evidence § 498 [Prince 10th ed]). Whether the probative worth of evidence of specific criminal acts on the issue of credibility outweighs the risk of unfair prejudice is a matter for the hearing court (see, People v Sandoval, 34 NY2d 371, 375), and we find that the court's determination was not an improvident exercise of its discretion. We note that the court's ruling did not discourage the appellant from testifying. Contrary to the appellant's contention, Family Court Act § 344.1 (1) is not implicated here, as the appellant did not deny committing the acts, and the agency did not attempt to present independent proof of these acts.

The appellant's remaining contention is without merit (see, People v McGee, 49 NY2d 48, cert denied sub nom. Waters v New York, 446 US 942; People v Julian, 41 NY2d 340). Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.