■ In the Matter of the DEPARTMENT OF SOCIAL SERVICES, on Behalf of CAROL ANN D., Respondent, v WARREN D., Appellant. [600 NYS2d 132] —In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Nassau County (Medowar, J.), entered August 24, 1992, which, after a hearing, found that he had sexually abused his daughter, Carol Ann D.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced by the petitioner at the fact-finding hearing was sufficient to prove the allegations of sexual abuse by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Nicole V., 71 NY2d 112, 117). In a child protective proceeding, unsworn out-of-court statements of the victim, although hearsay, can be admissible, and if properly

corroborated by other evidence tending to support their reliability, will support a finding of abuse or neglect under Family Court Act § 1046 (a) (vi) *(see, Matter of Nicole V., supra,* at 117-118; *Matter of Daryl S.,* 180 AD2d 639, 640). A Family Court Judge has considerable discretion in deciding whether the victim's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse *(see, Matter of Christina F.,* 74 NY2d 532, 536; *Matter of Nicole V., supra,* at 119).

In the instant proceeding, the 2-½ year old child made out-of-court statements relating to allegations that her father had sexually abused her by engaging in oral contact with her vaginal area. The validation testimony of an expert duly qualified in the area of child sexual abuse as well as the caseworker assigned to the child's case by Child Protective Services constituted sufficient corroboration of the allegations of abuse *(see, Matter of Nicole V., supra,* at 121; *Matter of Justina S.,* 180 AD2d 642; *Matter of Linda K.,* 132 AD2d 149). Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.