■ In the Matter of JESSICA Y., a Child Alleged to be Abused and Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK Y., Appellant. [613 NYS2d 1008] —Peters, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 8, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

On December 15, 1991, 2½-year-old Jessica Y. (hereinafter

the child) was returned to her mother's care after having spent two days with respondent, her father. The child's parents had been separated since February 1990. The child's mother observed blood stains in the child's undergarments and took her to the hospital for a physical examination. An emergency room physician found redness and swelling in the child's vaginal area and localized trauma to the labia. The child was tested for a urinary tract infection and sexually transmitted diseases. The child tested positive for chlamydia.

On February 4, 1992, respondent was charged with sexual abuse and neglect of the child. After a fact-finding hearing, Family Court found the child to be an abused child pursuant to Family Court Act § 1012 (e) (iii) and that the abuse was occasioned by respondent. Respondent raises two issues on this appeal. First, he contends that the court improperly permitted cross-examination concerning acts that were the basis for his prior arrest for unlawful imprisonment, sexual abuse and rape in which he was "acquitted by virtue of an adjournment in contemplation of dismissal". Second, he contends that the evidence before the court was insufficient due to lack of corroboration to support the finding that he sexually abused the child.

Addressing the issue regarding the alleged improper cross-examination concerning prior acts, we initially note that a disposition authorizing an adjournment in contemplation of dismissal is "neither a conviction nor an acquittal" *(Hollender v Trump Vil. Coop.,* 58 NY2d 420, 423). Moreover, it is "[s]carcely necessary for repetition * * * that a defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of his life which have a bearing on his credibility as a witness, provided the cross-examiner questions in good faith and upon a reasonable basis in fact, the law being inflexibly set against questioning as to such acts when the obvious intent is to show from character or experience a propensity to commit the crime for which defendant is on trial" *(People v Greer,* 42 NY2d 170, 176; *see, People v Duffy,* 36 NY2d 258, 262, *cert denied* 423 US 861). We find that Family Court correctly determined that the issue of credibility outweighed the risk of unfair prejudice *(see, Matter of Carlos V.,* 192 AD2d 661).

With regard to the issue of corroboration, it is well settled that if properly corroborated, previous statements of a child relating to allegations of abuse or neglect are admissible in evidence and can be sufficient to sustain a finding of abuse or neglect *(see,* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,*

71 NY2d 112; *Matter of Department of Social Servs. [Carol Ann D.] v Warren D.,* 195 AD2d 460; *Matter of Brandon UU. [Brynn UU.],* 193 AD2d 835). Corroboration sufficient to make a finding can be gleaned from any evidence tending to support the reliability of the statements. Family Court, as the trier of the facts, is possessed with considerable discretion in determining whether statements of a child have been sufficiently corroborated and whether the record before the court supports a finding of abuse or neglect *(see, Matter of Christina F. [Gary F.],* 74 NY2d 532; *Matter of Department of Social Servs. [R. Children] v Waleska M.,* 195 AD2d 507, *lv denied* 82 NY2d 660).

A review of the record makes it abundantly clear that the child suffered a trauma, was examined and found to be suffering from a sexually transmitted disease, and that respondent's girlfriend had been diagnosed with such disease only two weeks before meeting respondent. In addition, the evidence establishes that respondent refused to be tested for chlamydia after discovering that his girlfriend had been diagnosed with such disease and that scientific testing revealed that the mother's paramour did not have any sexually transmitted diseases. The child also adequately identified respondent as the perpetrator. Since petitioner established the abuse by a preponderance of the evidence, the burden then shifted to respondent to offer a satisfactory explanation to rebut the evidence *(see, Matter of Vincent M.,* 193 AD2d 398; *Matter of Jacinta J.,* 140 AD2d 990). We find that he has failed to do so.

It is notable that respondent concedes that he was responsible for the child's care prior to the child being taken to the hospital and does not challenge the findings that the child had been abused and contracted chlamydia. As in *Matter of Philip M. (Lorene P.)* (82 NY2d 238), respondent attempted to convince Family Court that the chlamydia suffered by the child was transmitted to her by another perpetrator. In finding his explanation insufficient to overcome petitioner's prima facie case, Family Court appropriately performed its role in resolving the credibility issues *(see, supra).*

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.