■ In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ADAM B., a Child Alleged to be Abused and Neglected, Respondent, v LAURA B. et al., Appellants. [628 NYS2d 351] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from stated portions of (1) a fact-finding order of the Family Court, Westchester County (Braslow, J.), dated July 16, 1993, which, after a hearing, inter alia, found that the subject child had been sexually abused and neglected by the mother and father, (2) an order of disposition of the same court, entered August 17, 1993, upon the fact-finding order, (3) an order of protection of the same court, entered September 3, 1993, upon the fact-finding order, and (4) an "order on petition for extension of placement and order of supervision" (one paper) of the same court, entered September 3, 1993, upon a fact-finding order of the same court, dated May 3, 1991. The father separately appeals, as limited by his brief, from stated portions of the order of disposition.

Ordered that the appeal from the fact-finding order dated July 16, 1993, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the "order on petition for extension of placement and order of supervision" (one paper) is affirmed insofar as appealed from, without costs or disbursements.

Although the order of disposition and the order of protection have expired, the adjudication of sexual abuse and neglect constitutes a permanent and significant stigma. Moreover, the finding of sexual abuse and neglect might indirectly affect the appellants' status in potential future proceedings. Therefore, the instant appeals from these orders are not academic *(see, Matter of H. Children,* 156 AD2d 520).

Turning to the merits, the petitioner proved by a preponderance of the evidence that the child was sexually abused and neglected by his mother and father *(see, Matter of Tammie Z.,* 66 NY2d 1). The Family Court correctly determined that the child's out-of-court statements had been sufficiently corroborated by the testimony of the validator, the child's caseworker, and the child's therapist *(see, Matter of Department of Social Servs. [Carol Ann D.] v Warren D.,* 195 AD2d 460). Further corroboration was provided by the child's use of anatomically correct dolls and drawings to demonstrate the sexual abuse to which he had been subjected *(see, Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W.,* 210 AD2d 328; *Matter of Dutchess County Dept. of Social Servs. [Chastity F.] v Margaret F.,* 186 AD2d 254).

The appellants' remaining contentions are without merit. Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.