■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of TANYA C. and Others, Children Alleged to be Abused, Respondent, v EVELYN R. et al., Appellants. [630 NYS2d 338] —In a child-protective proceeding pursuant to Family Court Act article 10, the mother and stepfather appeal from an order of the Family Court, Kings County (Demarest, J.), dated June 18, 1990, which entered findings of abuse against them.

Ordered that the order is affirmed, without costs or disbursements.

In a child-protective proceeding, unsworn, out-of-court statements of the victim, although hearsay, may be admissible at the hearing. Moreover, if properly corroborated by other evidence tending to support their reliability, such statements will support a finding of abuse pursuant to Family Court Act § 1046 *(see, Matter of Nicole V.,* 71 NY2d 112, 117-118; *see also, Matter of Daryl S.,* 180 AD2d 639). The Family Court, as the trier of the facts, has considerable discretion in determining whether the victim's statements describing the abuse have been sufficiently corroborated and whether the record before the court

supports a finding of abuse *(see, Matter of Christina F.,* 74 NY2d 532, 536; *Matter of Jessica Y.,* 206 AD2d 598; *see also, Matter of Department of Social Servs. [Carol Ann D.] v Warren D.,* 195 AD2d 460).

The evidence adduced by the petitioner at the fact-finding hearing in this case was sufficient to prove the allegations of sexual abuse by a preponderance of the evidence *(see,* Family Ct Act § 1046 [b] [i]; *see also, Matter of Tammie Z.,* 66 NY2d 1; *Matter of Nicole V., supra).* Two of the children made out-of-court statements alleging that their stepfather had sexually abused them. The statements were made to the physician who examined them and who later testified at the hearing as an expert in the field of sexual abuse of children. The physician testified about the children's physical injuries as well as the statements that they made to her. Her testimony and the testimony of the case worker assigned to the childrens' case, who was present when the statements were made, sufficiently corroborated the allegations of sexual abuse.

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.