■ In the Matter of LATISHA W. and Another, Children Alleged to be Abused. RICHARD W. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES, Respondent. [634 NYS2d 510] —In a child protective proceeding pursuant to Family Court Act article 10, the mother and father separately appeal, as limited by their briefs, from so much of an order of disposition of the Family Court, Kings County (Greenbaum, J.), entered July 27, 1992, as was predicated upon a fact-finding order of the same court dated June 23, 1992, which, after a hearing, found that they had abused Latisha W. and Samura W. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Commissioner of Social Services established by a preponderance of the evidence that the then 10-year-old Latisha and her 7-year-old sister Samura were abused children within the meaning of Family Court Act § 1012 (e) (iii) and that their father was the perpetrator. Latisha made detailed out-of-court statements to several individuals regarding the abuse which were corroborated by Samura's out-of-court statements in which she described similar incidents of abuse. It is well established that the out-of-court statements of siblings may properly be used to cross-corroborate one another, as Family Court Act § 1046 (a) (vi) provides that "[a]ny other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration" *(see, Matter of Nicole V.,* 71 NY2d 112, 123-124).

In addition, the children's statements were corroborated by the testimony of a social worker who concluded that they had been sexually abused based, *inter alia,* on the children's consistent statements regarding the abuse to various individuals over a period of time as well as the children's bed-wetting and inappropriate sexual behavior *(see, Matter of Nicole V., supra).*

Furthermore, the petitioner established a prima facie case of abuse against the mother, which she failed to rebut *(see, e.g., Matter of Lauren B.,* 200 AD2d 740; *Matter of Alan G.,* 185 AD2d 319). The petitioner presented evidence that the children informed their mother of the abuse but she failed to protect them and warned them not to tell anyone about the abuse.

We have reviewed the appellants' remaining contentions and find them to be without merit. O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.