■ In the Matter of LAMARR P. and Another, Children Alleged to be Neglected. KEITH P. et al., Appellants; NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [655 NYS2d 1000] —In consolidated proceedings, *inter alia,* pursuant to articles 6 and 10 of the Family Court Act, the parents appeal from a dispositional order of the Family Court, Nassau County (Pudalov, J.), entered March 24, 1995, which upon a fact-finding order of the same court, dated August 12, 1994, adjudicated the two children to be permanently neglected and terminated the parents' rights. The appeal brings up for review a fact-finding order of the same court, dated August 12, 1994.

Ordered that the order is affirmed, without costs or disbursements.

Lamarr P., who was born in July of 1985, was removed from his parents' custody in 1986, after it was discovered that the then 10-month-old child had fractures of both forearms, bruises on his arms and face, and burns on his ear. Although the Department of Social Services monitored the parents' progress and attempted to help them to obtain parenting skills and to create a stable home environment for the child, the parents made little effort to create a feasible plan to be reunited with their children (Family Ct Act § 611; Social Services Law § 384-b [7] [a]). When Lamarr's brother, Maximillian, was born in 1987, the child was immediately removed from the parents' custody. The children remained in foster care continuously for nine years, and were adopted by their foster parents in 1996

after the court ordered the termination of the appellants' parental rights.

The Department of Social Services presented sufficient evidence that although the parents were given extensive opportunities to plan for the future so that their two children could be returned to them, they failed to take adequate or appropriate actions during the five-year period between the the filing of the initial neglect petitions and the commencement of the proceeding to terminate their parental rights based upon permanent neglect (Family Ct Act § 611; Social Services Law § 384-b [7] [a]). Therefore, the court did not err by adjudicating the children to be permanently neglected and terminating the appellants' parental rights. Moreover, the court's determination was further supported by a psychiatrist who was qualified as an expert in child psychiatry and forensic psychiatry. The expert provided sufficient corroboration of the children's out-of-court statements regarding the father's acts of sexual abuse *(see, Matter of Nicole V.,* 71 NY2d, 112, 122).

The parents' remaining contentions are without merit or unpreserved for appellate review. Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.