■ In the Matter of KHABIRA B., a Child Alleged to be Abused and Neglected. ALPHONSO B., Appellant; COMMISSIONER

OF ADMINISTRATION OF CHILDREN'S SERVICES, Respondent. (Proceeding No. 1.) In the Matter of DEYANNA B., a Child Alleged to be Abused and Neglected. ALPHONSO B., Appellant; COMMISSIONER OF ADMINISTRATION OF CHILDREN'S SERVICES, Respondent. (Proceeding No. 2.) [707 NYS2d 339] —In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from two dispositional orders of the Family Court, Queens County (Friedman, J.) (one as to each child), both dated April 20, 1998, which, upon fact-finding orders of the same court dated November 1, 1996, made after a hearing, finding that the children were derivatively abused based upon the abuse of Ebony M., and upon his default in appearing at the dispositional hearing, prohibited him from having any contact with the children until they are 18 years of age.

Ordered that the appeals are dismissed, without costs or disbursements.

The dispositional orders were entered upon the father's default in appearing at the dispositional hearing. It is well settled that no appeal lies from an order entered upon the default of the appealing party (*see, Matter of Benjamin G.,* 228 AD2d 813; *Matter of Hurst v Hurst,* 227 AD2d 689; *Matter of Zagary George Bayne G.,* 185 AD2d 320; *see also,* CPLR 5511; Family Ct Act § 165). Accordingly, the appeals from the dispositional orders are dismissed.

Assuming that review of the father's claims was appropriate, we would find that the Family Court properly entered a derivative finding of abuse with respect to the subject children based on the unrebutted evidence that their father sexually abused their older stepsister (*see, Matter of Philip M.,* 186 AD2d 462, *affd* 82 NY2d 238; *Matter of Lynelle W.,* 177 AD2d 1008), and that his remaining contentions are without merit. Mangano, P. J., Bracken, McGinity and Luciano, JJ., concur.