■ In the Matter of HANNAH H., a Child Alleged to be Abused. COMMISSIONER FOR THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ROBERT H., Appellant. [740 NYS2d 130] —In a child abuse proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Kings County (Freeman, J.), dated February 7, 2000, which, after a hearing, found that he had sexually abused his daughter, (2) so much of an order of disposition of the same court, also dated February 7, 2000, as placed his daughter in the custody of the Commissioner of Social Services, and (3) an order of the same court, also dated February 7, 2000, which, inter alia, directed the child's mother to have no unsupervised contact with the child.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, on the ground that that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from the order which, inter alia, directed the mother to have no unsupervised contact with the subject child is dismissed, without costs or disbursements, on the ground that the appellant is not aggrieved by that order

(*see* CPLR 5511), and on the further ground that the appellant has failed to perfect the appeal from that order; and it is further,

Ordered that the appeal from so much of the order of disposition dated February 7, 2000, as placed the subject child in the custody of the Commissioner of Social Services is dismissed as academic, without costs or disbursements, as the order of placement has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as directed that the child be placed in the care of the Commissioner of Social Services must be dismissed as academic, because that order expired by its own terms on February 7, 2001. Nevertheless, the adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as determined that the appellant abused the subject child is not academic (*see Matter of H. Children,* 276 AD2d 485).

The father's contention that the evidence adduced at the hearing was legally insufficient to establish that he touched his daughter for his own sexual gratification is without merit (*see People v Teicher,* 52 NY2d 638; *People v Beecher,* 225 AD2d 943; *People v Watson,* 171 AD2d 826; *People v Estela,* 136 AD2d 728).

The father's remaining contentions are unpreserved for appellate review and, in any event, without merit (*see Matter of Lincoln v Lincoln,* 24 NY2d 270; *Matter of Commissioner of Social Servs. [Vincent D.] v Vincent D. II,* 232 AD2d 410; *Matter of Diana D.,* 218 AD2d 697; *Matter of Fawn S.,* 123 AD2d 871; *Matter of Bernelle P.,* 59 AD2d 764, *affd* 45 NY2d 937; *see generally Matter of Victoria KK.,* 233 AD2d 801). Santucci, J.P., Krausman, Goldstein and Adams, JJ., concur.