■ In the Matter of JASMINE A., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; MARCUS D., Appellant. In the Matter of MARCUS D., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; MARCUS D., Appellant. [744 NYS2d 850] —In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from two fact-finding orders of the Family Court, Queens County (Hunt, J.), both dated April 14, 2000 (one as to each child), made after a hearing, which found that the child Jasmine A. was abused and the child Marcus D. was neglected, two dispositional orders of the same court, both dated June 6, 2000 (one as to each child), which placed the children with the mother for a period of 12 months under the supervision of the Administration for Children's Services, and an order of protection of the same court, also dated June 6, 2000.

Ordered that the appeals from the fact-finding orders are dismissed, without costs or disbursements, as those orders were superseded by the orders of disposition; and it is further,

Ordered that the orders of disposition are modified by adding thereto a decretal paragraph stating: "Pursuant to Family Court Act § 1052 (c), the father is advised that any subsequent adjudication of child abuse, as defined in Family Court Act § 1012 (e) (iii), or any subsequent finding of a felony sex offense as defined in Penal Law §§ 130.25, 130.30, 130.35, 130.40, 130.45, 130.50, 130.65, or 130.70, arising out of acts of the father, may result in the commitment of the guardianship and custody of the child or another child pursuant to Social Services Law § 384-b"; as so modified, the orders of disposition are affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

The father correctly contends that the Family Court failed to issue the warnings required by Family Court Act § 1052 (c). However, the father has not suffered any prejudice from this omission and therefore this technical defect may be remedied by modifying the orders of disposition to add the required language (*see* CPLR 2001; *Matter of Sarah L.,* 207 AD2d 1016, 1017; *Matter of Rachel G.,* 185 AD2d 382, 383-384).

The Family Court's determination that the appellant sexually abused his daughter is supported by a preponderance of the evidence (*see Matter of Katherine S.,* 271 AD2d 538, 539; *Matter of Alan B.,* 267 AD2d 306, 307; *Matter of C. Children,* 249 AD2d 540, 541; *Matter of Kanisha W.,* 233 AD2d 325). The evidence also supports a finding of derivative neglect with regard to the father's son (*see Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694; *Matter of Cybill V.,* 279 AD2d 582, 583).

The father's remaining contentions are without merit. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.