█ In the Matter of KAREN B., a Child Alleged to be Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TREVOR B. et al., Appellants. (Proceeding No. 1.) In the Matter of TRAVIVA B., a Child Alleged to be Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TREVOR B. et al., Appellants. (Proceeding No. 2.) In the Matter of TRAVINA B., a Child Alleged to be Abused. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TREVOR B. et al., Appellants. (Proceeding No. 3.) [745 NYS2d 440] —In three related child protective proceedings pursuant to Family Court Act article 10, the father, Trevor B., appeals from (1) a fact-finding order of the Family Court, Kings County (Porzio, J.), dated January 10, 2000, which, after a hearing, found that he and the mother had abused the subject children, (2) an order of disposition of the same court, dated February 9, 2000, which, inter alia, placed the children Traviva B. and Travina B. in the custody of the Commissioner of Social Services until January 5, 2001, (3) an order of disposition of the same court, also dated February 9, 2000, which, inter alia, placed the child Karen B. in the custody of a maternal cousin, and (4) an order of protection of the same court, also dated February 9, 2000, which directed him to stay away from Traviva B. until she reached the age of 21, and the mother, Marlyne B., separately appeals from the fact-finding order and the two orders of disposition.

Ordered that the appeals from the fact-finding order are dismissed, without costs or disbursements, as that order was superseded by the orders of disposition; and it is further,

Ordered that the appeals from so much of the order of disposition as placed the children Traviva B. and Travina B. in the care of the Commissioner of Social Services until January 5, 2001, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition with respect to Traviva B. and Travina B. is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order of disposition with respect to Karen B. is affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

The appeals from so much of the order of disposition as placed Traviva B. and Travina B. in the care of the Commissioner of Social Services must be dismissed as academic because that order expired by its own terms on January 5, 2001, and has been replaced by a subsequent order extending placement (*see Matter of Octavia S.*, 255 AD2d 316). Nevertheless, the adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the status of the appellants in potential future proceedings. Therefore, the appeals from so much of this order as determined that Traviva B. and Travina B. were abused are not academic (*see Matter of Hannah H.*, 293 AD2d 540).

The petitioner established by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), that the father, Trevor B., sexually abused Karen B. and Traviva B. (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112; *Matter of Latisha W.*, 221 AD2d 645) and that he physically abused Traviva B. (*see Matter of Ashley D.*, 268 AD2d 803). Moreover, the petitioners established a prima facie case of abuse against the mother which she failed to rebut. The petitioner presented evidence that Marlyne B. was aware of Trevor B.'s acts, yet failed to protect all three of the subject children (*see Matter of Latisha W., supra* at 645).

The appellants' remaining contention is without merit (*see* Family Ct Act § 1038 [c]; *Matter of Enrique B.*, 267 AD2d 75). Santucci, J.P., Altman, S. Miller and O'Brien, JJ., concur.