■ In the Matter of SHAVAR B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WAYNE M., Appellant. (Proceeding No. 1.) In the Matter of KIMBERLY B., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WAYNE M., Appellant. (Proceeding No. 2.) In the Matter of BRYTON M., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; WAYNE M., Appellant. (Proceeding No. 3.) [776 NYS2d 503]—

In three related child protective proceedings pursuant to Family Court Act article 10, Wayne M. appeals from three fact-finding orders of the Family Court, Queens County (Salinitro, J.), all dated November 6, 2002 (one in each proceeding), which, after a fact-finding hearing, found that he sexually abused and neglected the child Kimberly B., and derivatively abused and neglected the children Bryton M. and Shavar B.

Ordered that the fact-finding orders are affirmed, without costs or disbursements.

A preponderance of the evidence supported the Family Court's determination that the appellant sexually abused and neglected Kimberly B. (*see Matter of Nicole V.,* 71 NY2d 112 [1987]; *Matter of Westchester County Dept. of Social Servs. [Adam B.] v Laura B.,* 216 AD2d 402 [1995]) and derivatively abused and neglected Shavar B. and Bryton M. (*see Matter of Jasmine A.,* 295 AD2d 504 [2002]; *Matter of Dutchess County Dept. of Social Servs. [Douglas E., III] v Douglas E., Jr.,* 191 AD2d 694 [1993]). The testimony of an expert in pediatrics, with a specialty in the field of child abuse, corroborated Kimberly's allegations of sexual abuse (*see Matter of Nicole V., supra* at 122; *Matter of Lamarr P.,* 237 AD2d 609 [1997]; Family Ct Act § 1046 [a] [vi]). Evidence of Kimberly's subsequent recantations does not mandate setting aside the finding of abuse (*see Matter of Jenna R.,* 207 AD2d 403 [1994]; *Matter of Lisa S.,* 187 AD2d 435 [1992]).

The appellant's remaining contentions are without merit. Florio, J.P., Townes, Cozier and Mastro, JJ., concur.