■ In the Matter of RAYMOND M., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN M., Appellant. (Proceeding No. 1.) In the Matter of SAMANTHA M., a Child Alleged to be Abused and Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN N., Appellant. (Proceeding No. 2.) In the Matter of TIFFANY M., a Child Alleged to be Abused and Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN M., Appellant. (Proceeding No. 3.) [786 NYS2d 94]—

In three child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Orange County (Kiedaisch, J.), entered October 27, 2003, which, upon a fact-finding order of the same court entered September 9, 2003, and after a hearing, found that he sexually abused and neglected the children Samantha M. and Tiffany M. and derivatively neglected the child Raymond M. The appeal brings up for review the fact-finding order entered September 9, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A preponderance of the evidence supported the Family Court's

determination that the appellant sexually abused and neglected his two daughters and derivatively neglected his son (see Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112 [1987]; *Matter of Shavar B.,* 7 AD3d 619 [2004]). The out-of-court statements of the appellant's daughters and the appellant's own statement to the police corroborated each other (see *Matter of Nicole V., supra* at 123-124; *Matter of Victoria H.,* 255 AD2d 442 [1998]; *Matter of Latisha W.,* 221 AD2d 645 [1995]).

Contrary to the appellant's contention, the element of intent to obtain sexual gratification could be inferred from the totality of the circumstances (see *Matter of Christopher T.,* 287 AD2d 336 [2001]; see generally *Matter of Kenny O.,* 276 AD2d 271, 272 [2000]; *Matter of Gregory W.,* 266 AD2d 221 [1999]). In addition, the Family Court providently exercised its discretion in drawing a negative inference against the appellant upon his failure to testify at the hearing (see *Matter of Joseph C.,* 297 AD2d 673 [2002]). Smith, J.P., Crane, Mastro and Skelos, JJ., concur.