■ In the Matter of JESSICA S., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR S., Appellant. (Proceeding No. 1.) In the Matter of PATRICE S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR S., Appellant. (Proceeding No. 2.) In the Matter of NADINE G., a Child Alleged to be Abused and Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ARTHUR S., Appellant. (Proceeding No. 3.) [795 NYS2d 93]—In three related child protective proceedings pursuant to the Family Court Act article 10, Arthur S. appeals, as limited by his brief, from so much of a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated December 16, 2003, as, after a hearing, found that he sexually abused the children Jessica S. and Nadine G., and derivatively abused the child Patrice S.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, a preponderance of the evidence supported the Family Court's determination that he sexually abused the children Jessica S. and Nadine G. (*see Matter of Nicole V.*, 71 NY2d 112 [1987]; *Matter of Raymond M.*, 13 AD3d 377 [2004]; *Matter of Latisha W.*, 221 AD2d 645 [1995]). The Family Court's derivative finding of abuse with respect to the child Patrice S. was also proper (*see Matter of Raymond M., supra; Matter of Khabira B.*, 271 AD2d 606 [2000]). The out-of-court statements of the sisters corroborated each other's statements (*see Matter of Nicole V., supra* at 123-124; *Matter of Victoria H.*, 255 AD2d 442, 443 [1998]; *Matter of Latisha W., supra*).

Further, the fact-finding order made specific findings as to the particular sexual offenses under the Penal Law which the

appellant committed, along with a description of the offending conduct. Thus, it was sufficient to satisfy Family Court Act § 1046 (a). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.