■ In the Matter of Liza O., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; HECTOR SANCHEZ, Appellant. [849 NYS2d 594]—

In a child protective proceeding pursuant to Family Court Act article 10, the maternal uncle appeals from an order of disposition of the Family Court, Kings County (Freeman, J.), dated September 28, 2006, which, upon a fact-finding order of the same court dated May 5, 2006, finding that he sexually abused the child Liza O., released the child to the custody of her mother and directed him to comply with an order of protection of the same court also dated September 28, 2006.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"[I]n a fact-finding hearing pursuant to Family Court Act article 10 to determine whether a child is abused or neglected, the statute requires that the finding of neglect or abuse be based on a preponderance of the evidence rather than clear and convincing evidence" (Matter of Linda K., 132 AD2d 149, 154-155 [1987]). Where the Family Court is primarily confronted with issues of credibility, its factual findings based upon such credibility determinations must be accorded great weight on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Commissioner of Social Servs. of City of N.Y. v Clifton F., 207 AD2d 836, 837 [1994]). Moreover, in child-protective proceedings, the unsworn hearsay statements of the victim are admissible, and, if corroborated by other evidence tending to support their reliability, will also support a finding of abuse or neglect (see Matter of Commissioner of Social Servs. of City of N.Y. v Evelyn R., 217 AD2d 697 [1995]).

Here, the physician who treated the subject child testified that she exhibited physical signs which were consistent with, although not conclusive of, sexual abuse. This evidence, along with evidence of adverse changes in the child's behavior, was sufficient to corroborate the child's out-of-court statements regarding the abuse (see Matter of Cassandra C., 300 AD2d 303 [2002]; Matter of Tanya T., 252 AD2d 677, 678-679 [1998]; Mat-

ter of *Darnell Mc.*, 230 AD2d 733, 734 [1996]; *Matter of Latisha W.*, 221 AD2d 645 [1995]). Therefore, the Family Court's finding that the appellant sexually abused the child is supported by a preponderance of the evidence. Mastro, J.P., Lifson, Covello and Angiolillo, JJ., concur.