In three related child abuse and neglect proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from (1) so much of an order of fact-finding of the Family Court, Queens County (Tally, J.), dated January 5, 2012, as, after a hearing, found that he sexually abused the children Chaim T. and Tziporah T, and derivatively neglected the child Yehuda T., and (2) so much of an order of disposition of the same court dated December 12, 2012, as, upon the order of fact-finding, and after a dispositional hearing, directed that he complete a sex offenders’ program and permitted him to have only supervised visitation with the subject children.
Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
A preponderance of the evidence supported the Family Court’s determination that the father sexually abused the children Chaim T. and Tziporah T, and derivatively neglected the child Yehuda T. (see Family Ct Act § 1046 [b] [i]; Matter of Nicole V., 71 NY2d 112 [1987]; Matter of Angelica M. [Nugene A.], 107 AD3d 803, 804-805 [2013]; Matter of Leah R. [Miguel R.], 104 AD3d 774 [2013]; Matter of Daniel W., 37 AD3d 842, 843 [2007]; Matter of Sylvia J., 23 AD3d 560, 562 [2005]; Matter of Shavar B., 7 AD3d 619, 620 [2004]). The out-of-court statements of Chaim T. and Tziporah T. were sufficiently corroborated by evidence of adverse changes in Chaim T.’s behavior and by the father’s admissions that he physically “arranged” Chaim T.’s penis allegedly to make the child feel more comfortable and examined Tziporah T.’s vagina (see Matter of Amerriah S. [Kadiatou Y.], 100 AD3d 1006 [2012]; Matter of Dave D. [Jean D.], 71 AD3d 673, 674 [2010]; Matter of Liza O., 47 AD3d 632 [2008]). Contrary to the father’s contention, the element of intent to obtain sexual gratification could be inferred from the totality of the circumstances (see Matter of Raymond M., 13 AD3d 377, 378 [2004]; Matter of Kryzstof K., 283 AD2d 431, 432 [2001]).
The father’s remaining contention is without merit. Rivera, J.E, Balkin, Hinds-Radix and Maltese, JJ., concur.