■ In the Matter of DEAN J.K. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH D.K., Appellant. (Proceeding No. 1.) In the Matter of EMMA J.K. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH D.K., Appellant. (Proceeding No. 2.) [994 NYS2d 391]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Suffolk County (Whelan, J.), dated October 15, 2013, which, after a hearing, found that he neglected the subject children.

Ordered that the order of fact-finding is affirmed, without costs or disbursements.

The father's contention that the Family Court erred in denying his oral application to reopen the fact-finding hearing is without merit. If a parent is not present, the court may proceed to hear a petition pursuant to Family Court Act article 10 if the

child is represented by counsel. However, a timely motion to vacate the resulting order of fact-finding shall be granted upon an affidavit showing, inter alia, a potentially meritorious defense to the petition, unless the court finds that the parent willfully refused to appear at the hearing (*see* Family Ct Act § 1042; *Matter of Mark W. [Juanita W.]*, 107 AD3d 816 [2013]; *Matter of Tahanie S. [Ramon A.]*, 97 AD3d 751 [2012]).

Here, the father failed to appear on the final day of the fact-finding hearing, and the Family Court stated that it would draw a negative inference against him, as it was entitled to do upon his failure to testify (*see Matter of Mylasia P. [Brenda P.]*, 104 AD3d 856 [2013]; *Matter of Renee R. [Tonya D.]*, 98 AD3d 1048 [2012]; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668 [2012]). The father failed to make a written motion to vacate the order of fact-finding and reopen the hearing, and to submit an affidavit showing a potentially meritorious defense to the petition. Furthermore, even if the father had made a written motion and submitted the required affidavit, the record shows that his failure to appear was willful.

The petitioner proved by a preponderance of the evidence that the father had neglected the subject children by engaging in acts of domestic violence against the mother in the children's presence that impaired, or created an imminent danger of impairing, their physical, emotional, or mental conditions. The Family Court found that the mother's testimony regarding the incidents of domestic violence in the home was credible. That determination is entitled to great weight, and there is no basis in the record to disturb it (*see Matter of Jaden J. [Ernest C.]*, 106 AD3d 822 [2013]; *Matter of Christiana C. [Carleton C.]*, 86 AD3d 606 [2011]). The children's out-of-court statements regarding the neglect cross-corroborated one another (*see Matter of Jada A. [Robert W.]*, 116 AD3d 769 [2014]; *Matter of Tristan R.*, 63 AD3d 1075 [2009]; *Matter of Latisha W.*, 221 AD2d 645 [1995]). The children's statements were also corroborated by the mother's testimony (*see Matter of Sabrina M.*, 6 AD3d 759 [2004]). The evidence adduced at the fact-finding hearing, together with the negative inference drawn from the father's failure to testify, was sufficient to support the Family Court's finding (*see Matter of Sinclair P. [Arthur P.]*, 119 AD3d 587 [2014]; *Matter of Joseph O'D. [Denise O'D.]*, 102 AD3d 874 [2013]; *Matter of Keijonte W. [Tamarra W.]*, 101 AD3d 890 [2012]).

Finally, the father's contention that he was deprived of the effective assistance of counsel is without merit. The record shows that the father was afforded meaningful representation, thereby

satisfying the constitutional standard (*see Matter of Alfred C.,* 237 AD2d 517 [1997]; *Matter of Daryl S.,* 180 AD2d 639 [1992]). Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.