■ In the Matter of Louise M.L. Nassau County Department of Social Services, Respondent; Melinda M.T., Appellant. [25 NYS3d 904]—Appeal from an order of fact-finding and disposition of the Family Court, Nassau County (Robin M. Kent, J.), dated February 21, 2014. The order, after a hearing, found that the mother neglected the subject child and placed the child in the custody of the Nassau County Department of Social Services for a period of one year.

Ordered that the appeal from so much of the order as placed the subject child in the custody of the Nassau County Department of Social Services for a period of one year is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Adriel R. [David P.]*, 117 AD3d 744, 745 [2014]; *Matter of Emanuel Q. [Luis M.]*, 73 AD3d 1181, 1181 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

This is a neglect proceeding pursuant to Family Court Act article 10. After fact-finding and dispositional hearings, the Family Court found that the mother neglected the subject child and placed the child in the custody of the Nassau County Department of Social Services for a period of one year. The mother appeals.

Under the circumstances of this case, there was sufficient corroboration of the child's allegations set forth in the petition, and all the allegations were proved by a preponderance of the evidence (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]; *Matter of Sylvia J.*, 23 AD3d 560, 561 [2005]; *see also Matter of Joshua J.P. [Alquiber R.]*, 127 AD3d 1200 [2015]).

Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in terms of the scope of cross-examination it permitted in this case (*see Matter of Zaire D. [Benellie R.]*, 90 AD3d 923 [2011]; *Matter of Samora v Coutsoukis*, 292 AD2d 390, 391 [2002]).

The mother's claim that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record shows that she received meaningful representation (*see Matter of Dean J.K. [Joseph D.K.]*, 121 AD3d 896, 897-898 [2014]; *Matter of Darrell W. [Tenika C.]*, 110 AD3d 1088 [2013]; *Matter of Alfred C.*, 237 AD2d 517 [1997]).

The mother's remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.