Matter of Deanna E. R. (Latisha M.) (2019 NY Slip Op 00883)





Matter of Deanna E. R. (Latisha M.)


2019 NY Slip Op 00883


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-01862
 (Docket No. B-25581-16)

[*1]In the Matter of Deanna E. R. (Anonymous). SCO Family of Services, petitioner-respondent; Latisha M. (Anonymous), respondent-appellant, et al., respondent.


Michael E. Lipson, Jericho, NY, for appellant.
Carrieri & Carrieri, P.C., Mineola, NY (Ralph R. Carrieri of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Lillian Wan, J.) dated November 8, 2017. The order, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The Family Court found, after a fact-finding hearing, that the mother permanently neglected the child, and, after a dispositional hearing, the court terminated the mother's parental rights and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
A respondent in a proceeding pursuant to Social Services Law § 384-b has the right to the assistance of counsel (see Family Ct Act 262[a][iv]), which encompasses the right to the effective assistance of counsel (see Matter of Louise M.L. [Melinda M.T.], 137 AD3d 915, 916; Matter of Alfred C., 237 AD2d 517). An attorney representing a client is entitled to make "strategic and tactical decisions concerning the conduct of trials" (People v Colon, 90 NY2d 824, 826; see e.g. People v Colville, 20 NY3d 20, 29; People v Parker, 290 AD2d 650, 651). Contrary to the mother's contention, her trial counsel was entitled to make the strategic and tactical decision as to whether to present summation remarks, and the record does not show that counsel lacked a legitimate, strategic reason for that decision (see People v Rivera, 71 NY2d 705, 709). Further, the record in totality shows that the mother was afforded meaningful representation (see Matter of Louise M.L. [Melinda [*2]M.J.], 137 AD3d at 916; Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896, 897-898; Matter of Alfred C., 237 AD2d at 517).
The petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the mother and the child by, among other things, developing an appropriate service plan, scheduling regular parental access between the mother and the child, and referring the mother to programs for substance-abuse treatment (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky Z.Z.], 19 NY3d 422, 430; Matter of Sheila G., 61 NY2d 368, 384-385; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 692; Matter of Daniel K.L. [Shaquanna L.], 138 AD3d 743, 744). The record showed that, despite the petitioner's diligent efforts, the mother failed to plan for the return of the child as, inter alia, she failed to successfully complete substance-abuse treatment and did not consistently attend scheduled parental access. Under these circumstances, the petitioner established by clear and convincing evidence the mother's permanent neglect of the child (see Matter of Jamayla C.M. [Marcela A.C.], 163 AD3d 820, 821; Matter of Vaughn M.S. [Patricia C.S.], 144 AD3d 811, 812; Matter of Mercedes R.B. [Heather C.], 130 AD3d 1022, 1023; Matter of Travis G. [Carmen M.], 117 AD3d 1049, 1050).
We agree with the Family Court's determination that the termination of the mother's parental rights was in the best interests of the child (see Matter of Jamayla C.M. [Marcela A.C.], 163 AD3d at 821; Matter of Mercedes R.B. [Heather C.], 130 AD3d at 1023; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 544).
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court