Matter of Emily R. (Magali M. C.) (2024 NY Slip Op 01929)

Matter of Emily R. (Magali M. C.)

2024 NY Slip Op 01929

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2021-08485
2023-01470
 (Docket Nos. N-12349-20, N-12350-20, N-12351-20)

[*1]In the Matter of Emily R. (Anonymous). Administration for Children's Services, petitioner-respondent; Magali M. C. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Estephania G.-M. (Anonymous). Administration for Children's Services, petitioner-respondent; Magali M. C. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Miranda G.-C. (Anonymous). Administration for Children's Services, petitioner-respondent; Magali M. C. (Anonymous), appellant, et al., respondent. (Proceeding No. 3) 

Geanine Towers, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Lorenzo Di Silvio and Eva L. Jerome of counsel), for petitioner-respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child Emily R.
Brian Zimmerman, Brooklyn, NY, attorney for the child Estephania G.-M.
Ronna L. DeLoe, Larchmont, NY, attorney for the child Miranda G.-C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, Magali M. C. appeals from (1) an order of fact-finding of the Family Court, Kings County (Elizabeth Barnett, J.), dated October 20, 2021, and (2) an order of disposition of the same court (Michael R. Milsap, J.) dated April 27, 2022. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that Magali M. C. abused the subject children. The order of disposition, insofar as appealed from, after a dispositional hearing, placed the children Emily R. and Estephania G.-M. in the custody of the Commissioner of Social Services of the City of New York and directed Magali M. C. to comply with certain conditions.
ORDERED that the appeal from so much of the order of fact-finding as found that Magali M. C. abused the children Emily R. and Estephania G.-M. is dismissed, without costs or disbursements, as that portion of the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of fact-finding is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that Eduardo R. sexually abused the children Emily R., Estephania G.-M., and Miranda G.-C. After a fact-finding hearing, the Family Court found, among other things, that the petitioner established that Eduardo R. committed, inter alia, sexual abuse in the third degree against the children, that Magali M. C. (hereinafter the appellant), who is the mother of Estephania G.-M. and Miranda G.-C. and a person legally responsible for Emily R., was actually aware of the abuse, and that the appellant abused all three children by allowing Eduardo R. to commit such offenses. After a dispositional hearing, the court, among other things, placed Emily R. and Estephania G.-M. in the custody of the Commissioner of Social Services of the City of New York and directed the appellant to comply with certain conditions.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). "The Family Court Act defines an abused child as, inter alia, a child whose parent commits against him or her a sex offense as defined in article 130 of the Penal Law, or allows such an offense to be committed against the child" (Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029; see Family Ct Act § 1012[e][iii][A]).
To satisfy its burden, the petitioner may rely upon prior out-of-court statements of the subject children, provided that they are sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 117-118). The out-of-court statements of siblings may properly be used to cross-corroborate one another (see Matter of Arique D. [Elizabeth A.], 111 AD3d 625, 627). Where the Family Court is primarily confronted with issues of credibility, its factual findings must be accorded considerable deference on appeal as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor (see Matter of Ariana M. [Edward M.], 179 AD3d 923, 924).
Contrary to the appellant's contention, the Family Court providently exercised its discretion in determining that the out-of-court statements of the children were sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d at 119; Matter of Leah R. [Miguel R.], 104 AD3d 774, 774). Furthermore, a preponderance of the evidence established that the appellant abused the children (see Family Ct Act § 1012[e][iii]; Matter of Karen B., 296 AD2d 403).
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court